# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL BAHNMAIER, individually and
on behalf of all others similarly situated,

               Plaintiff,

   v.

WICHITA STATE UNIVERSITY,

          Defendant.

CASE NO. 2:20-cv-02246-JAR-TJJ

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of January 12, 2021, is made and entered into by and among the following Settling Parties (as defined below): (i) Michael Bahnmaier ("Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through his counsel of record Boulware Law LLC and Federman & Sherwood (together, "Plaintiff's Counsel"); and (ii) Wichita State University ("WSU"), by and through its counsel of record, Baker & Hostetler LLP and Husch Blackwell LLP.  The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Plaintiff alleges that in December 2019, WSU "learned that 'an unauthorized person gained access' to a 'computer server that WSU used to operate various student and employee web portals' between December 3, 2019 and December 5, 2019" ("Data Incident").  Plaintiff further alleges the person "gained unauthorized access to confidential personally identifiable information of Plaintiff

and the Class, including their names, email addresses, dates of birth, and Social Security Numbers" ("PII").

After WSU learned of the Data Incident, WSU notified approximately 443,000 individuals of the Data Incident and of the fact that their PII may have been stored in the affected server. Subsequently, this lawsuit was filed asserting claims against WSU relating to the Data Incident (the "Litigation").

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against WSU and the Released Persons (as defined below) relating to the Data Incident, by and on behalf of Plaintiff and Settlement Class Members (as defined below), and any other such actions by and on behalf of any other individuals originating, or that may originate, in jurisdictions in the United States against WSU and the Released Persons relating to the Data Incident.

## II.    CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLING

Plaintiff believes the claims asserted in the Litigation, as set forth in the Complaint, have merit.  Plaintiff and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against WSU through motion practice, trial, and potential appeals.  They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation.  Class Counsel are highly experienced in class-action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation.  They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

### III.     DENIAL OF WRONGDOING AND LIABILITY

WSU denies each and all of the claims and contentions alleged against it in the Litigation. WSU denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation.   Nonetheless, WSU has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.   WSU has considered the uncertainty and risks inherent in any litigation.   WSU has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

### IV.     TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, individually and on behalf of the Settlement Class, Class Counsel (as defined below), and WSU that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

####   1.     Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

    1.1     "Agreement" or "Settlement Agreement" means this agreement.

    1.2     "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.3      "Claims Administrator" means Heffler Claims Group, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data-breach litigation.

1.4      "Claims Deadline" means the postmark and/or online submission deadline for valid claims pursuant to ¶ 2.1.

1.1      "Claim Form" means the form utilized by the Settlement Class Members to submit a Settlement Claim for reimbursement.  The Claim Form will be substantially in the form as shown in Exhibit C hereto, which will be available on both the Settlement Website and in paper format, if specifically requested by Settlement Class Members.

1.2      "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.3      "Court" means the United States District Court for the District of Kansas.

1.4      "Data Incident" means the potential compromise of WSU's database server that occurred from approximately December 3, 2019 to December 5, 2019.

1.5      "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.6      "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.7 herein have occurred and been met.

1.7      "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be

taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.8    "Judgment" means a judgment rendered by the Court.

1.9    "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in Exhibit B, attached hereto.

1.10    "Objection Date" means the date by which Settlement Class Members must mail their objection to the Settlement for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.11    "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.12    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.13    "Plaintiff" or "Class Representative" means Michael Bahnmaier.

1.14    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as Exhibit D.

1.15    "Proposed Settlement Class Counsel" and/or "Class Counsel" means the law firm of Federman & Sherwood.

1.16    "Related Entities" means WUS's respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

1.17    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15  U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; violations of the Kansas, South Carolina, Missouri, and similar state consumer protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages,

restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of payment card data or other personal information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.18 "Released Persons" means WSU and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.19 "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.20 "Settlement Class" means all persons who were sent notification by WSU that their personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020. The Settlement Class specifically excludes: (i) WSU and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing,

aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contender* to any such charge.

1.21    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.22    "Settling Parties" means, collectively, WSU and Plaintiff, individually and on behalf of the Settlement Class.

1.23    "Short Notice" means the content of the email and/or mailed notice to the proposed Settlement Class Members, substantially in the form as shown in the attached Exhibit A. The Short Notice will direct recipients to the Settlement Website and inform Settlement Class Members, among other things, of the Claims Deadline, the Opt-Out and Objection Deadline, and the date of the Final Fairness Hearing.

1.24    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiff intends to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-

1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.25    "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

1.26    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

2. **Settlement Benefits**

2.1   Expense Reimbursement.

2.1.1   All Settlement Class Members who submit a Valid Claim using the Claim Form are eligible for the following documented out-of-pocket expenses, not to exceed $300 per Settlement Class Member, that were incurred as a result of the Data Incident: (i) unreimbursed bank fees or penalties; (ii) unreimbursed card reissuance fees or penalties; (iii) unreimbursed overdraft fees or penalties; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees or penalties; (vi) unreimbursed over-limit fees or penalties; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans incurred solely as a result of the Data Incident; (xi) costs of credit report(s) purchased by Settlement Class Members between December 3, 2019 and the date of the Preliminary Approval Order (with affirmative statement by Settlement Class Member that it was purchased primarily because of the Data  Incident);  (xii) costs  of credit  monitoring  and identity  theft  protection purchased by Settlement Class Members between December 3, 2019 and forty-five (45) days after the date on which notice of the settlement is commenced to the Settlement Class Members (with affirmative statement by Settlement Class Member that it was purchased primarily because of the Data Incident and not for other purposes, and with proof of purchase); and (xiii) other losses incurred by Settlement Class Members determined to be fairly traceable to the Data Incident by the Settlement Administrator. To receive reimbursement for any of the above-referenced out-of-pocket expenses, Settlement Class Members must submit either (i) documentation of such out-of-

pocket expenses or (ii) a sworn declaration explaining why documentation cannot be provided under oath with penalty of perjury with details of the out-of-pocket loss.  If the nature of the out-of-pocket expense is not apparent from the supporting documentation and/or sworn declaration, Settlement Class Members must also submit a description of the nature of the loss.

2.1.2    Settlement Class Members are also eligible to receive reimbursement for up to three hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), but only if at least one full hour was spent. To receive reimbursement for the above-referenced lost time expenses, Settlement Class Members must only (1) attest that any claimed lost time was spent related to the Data Incident; and (2) provide a written description of how the claimed lost time was spent related to the Data Incident. No separate documentation will be necessary to make a claim for reimbursement of lost time. Claims made for lost time can be combined with reimbursement for out-of-pocket expenses and are subject to the same $300.00 cap for all Settlement Class Members.

2.1.3    Settlement Class Members seeking reimbursement under this ¶ 2.1 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 120th day after the deadline for the commencement of notice to Settlement Class Members as set forth in ¶ 3.2.  The notice to the class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury.  Notarization shall not be required.  The Settlement Class Member must submit reasonable documentation that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Data Incident or a sworn declaration explaining why documentation cannot be provided under oath with penalty of perjury

with details of the out-of-pocket loss.  Failure to provide supporting documentation of the out-of-pocket expenses referenced above and/or a sworn declaration, as requested on the Claim Form shall result in denial of a claim.  Other than a description of how Settlement Class Members spent their time related to the Data Incident, no documentation is needed for lost-time expenses. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.4.

2.2    <u>Limitation on Reimbursable Expenses</u>.  Claimants must exhaust all existing credit monitoring insurance and identity theft insurance before WSU is responsible for any expenses claimed pursuant to ¶ 2.1 of this Settlement Agreement.  Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.  No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.3    <u>Confirmatory Discovery</u>.  WSU shall timely provide reasonable information requested by Plaintiff's counsel to confirm necessary information that Plaintiff's counsel believes, in good faith, is necessary for an understanding of and development of this Settlement Agreement.

2.4    <u>Dispute Resolution for Claims</u>.

2.4.1    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in ¶ 2.1; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident. The Claims Administrator may, at any time, request

from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.,* documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof. The Claims Administrator's initial review will be limited to a determination of whether the claim is complete and plausible. For any claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those claims to the Settling Parties (one Plaintiff's' lawyer shall be designated to fill this role for all Plaintiff). If the Settling Parties do not agree with the Claimant's claim, after meeting and conferring, then the claim shall be referred to the claims referee for resolution.  The Parties will mutually agree on a claims referee should one be required.

2.4.2    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information and give the claimant twenty-one (21) days to cure the defect before rejecting the Claim ("Claim Supplementation").  Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later.  In the event of unusual circumstances interfering with compliance during the 21-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 21-day deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date.  If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.4.3    Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action.  If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the Claims Referee.

2.4.4    Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator.   If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination.  If the claimant approves the final determination, then the approved amount shall be the amount to be paid.  If the claimant does not approve the final determination within thirty (30) days, then the dispute will be submitted to the claims referee within an additional ten (10) days.

2.4.5    If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days.  The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days.  The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident.  The claims referee shall have the power to approve a claim in full or in part.  The claims referee's decision will be final and non-appealable.

Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full.  The claims referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

2.5     Settlement Expenses.  All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution described in ¶ 2.4, shall be paid by WSU.

2.6     Settlement Class Certification.  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.     Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1.     As soon as practicable after the execution of the Settlement Agreement, Plaintiff's Counsel and counsel for WSU shall jointly submit this Settlement Agreement to the Court, and Plaintiff's counsel will file a motion for preliminary approval of the settlement with the Court

requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form in both terms and cost, requesting, *inter alia:*

a)    certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.6;

b)    preliminary approval of the Settlement Agreement as set forth herein;

c)    appointment of Federman & Sherwood as Class Counsel;

d)    appointment of Plaintiff as Class Representative;

e)    approval of a customary form of Short Notice to be emailed, where email addresses are available, and to be mailed by U.S. mail where email is unavailable or if an email is undeliverable or bounced back, to Settlement Class Members in a form substantially similar to the one attached hereto as Exhibit A;

f)    approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached hereto as Exhibit B, which, together with the Short Notice, shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)    approval of the Claim Form to be available on the Settlement Website for submitting claims and available, upon request, substantially similar to the one attached hereto as Exhibit C; and

h)    appointment of Heffler Claims Group as the Claims Administrator.

The Short Notice and Long Notice have been reviewed and approved by the Claims Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval.

      3.2    WSU shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration.  Any attorneys' fees, costs, and expenses of Plaintiff's Counsel, and a service award to the Class Representative, as approved by the Court, shall be paid by WSU as set forth in ¶ 7 below.  Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

    a)    *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, WSU shall provide the Claims Administrator with the name, email address, and physical address of each Settlement Class Member (collectively, "Class Member Information") that WSU possesses. WSU warrants and represents that it will provide the most current Class Member Information for all Class Members as such information is contained in its records.

    b)    The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the Settlement as provided in this Agreement, or to provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)    *Settlement Website:* Prior to the dissemination of the Short Notice, the Claims Administrator shall establish the Settlement Website, www.WichitaStateUniversitySettlement.com, that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the operative Class Action Complaint filed in the Litigation; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form, and supporting documentation, electronically.

d)    *Short Notice:* Within thirty (30) days after the entry of the Preliminary Approval Order and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, and subject to the requirements of this Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class as follows:

- via email to the email addresses provided to WSU by Settlement Class Members;

- should any Short Notice be determined to be undeliverable via email (the Claims Administrator will track delivered and undelivered emails) or, in circumstances where a working email address is not available, via mail to the postal address provided to WSU by the Settlement Class Members. Before any mailing under this paragraph occurs, the Claims Administrator

shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Summary Notice;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out and Objection Deadline, a Summary Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e) Publishing, on or before the date of mailing the Short Notice, the Short Notice, Claim Form, and Long Notice on the Settlement Website (wwwWichitaStateUniversitySettlement.com), as specified in the Preliminary

Approval Order, and maintaining and updating the website throughout the claim period;

f)    A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement and to respond to Settlement Class Members' questions. The Claims Administrator also will provide copies of the Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request; and

g)    Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and WSU shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

3.3    WSU shall also publish, on or before the date of mailing the Short Notice, a hyperlink on WSU's website that remains on WSU's website until thirty (30) days after the Claims deadline and that links to the Settlement Website (www. WichitaStateUniversitySettlement.com), as specified in the Preliminary Approval Order;

3.4    WSU shall also include a hyperlink on the first WSU alumni e-newsletter sent after the Short Notice is mailed that links to the Settlement Website (www.WichitaStateUniversitySettlement.com).

3.5    The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval. The notice program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the Preliminary Approval Order.

3.6     Class Counsel and Defendants' counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.7     WSU will also cause the Claims Administrator to provide (at WSU's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

### 4.     Opt-Out Procedures

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class.  To be effective, written notice must be postmarked no later than one ninety (90) days after the date on which the notice program commences pursuant to ¶ 3.2.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than 225 timely and valid Opt-Outs (exclusions) submitted, WSU may, by notifying Class Counsel and the Court in writing, void this Settlement Agreement.  If WSU voids the Settlement Agreement pursuant to this paragraph, WSU shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of

Class Counsel and Plaintiff's Counsel and service awards and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**5.      Objection Procedures**

5.1      Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, located at 500 State Ave., Kansas City, KS 66101, and contain the case name and docket number *Bahnmaier v. Wichita State University*, Case No. 2:20-cv-02246-JAR-TJJ (the "*Bahnmaier* Action"), no later than ninety (90) days from the date on which notice program commences pursuant to ¶ 3.2, and served concurrently therewith upon Class Counsel, William B. Federman of Federman & Sherwood, 10205 N. Pennsylvania Ave., Oklahoma City, Oklahoma 73120; and

counsel for WSU, Casie D. Collignon, Baker & Hostetler, LLP, 1801 California Street, Suite 4400, Denver, Colorado 80202-2662.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.     Releases**

6.1     Upon the Effective Date, each Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date,  and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2     Upon the Effective Date, WSU shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion,

settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement.   Any other claims or defenses WSU may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3     Notwithstanding any term herein, neither WSU nor their Related Parties, shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel.

**7.     Plaintiff's Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Plaintiff**

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Plaintiff, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that WSU would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to Plaintiff as may be ordered by the Court.  WSU and Class Counsel then negotiated and agreed to the provision described in ¶ 7.2.

7.2     WSU has agreed not to object to a request by Class Counsel for attorneys' fees, inclusive of any costs and expenses of the Litigation, subject to Court approval, in an amount not to exceed $325,000.00.  Class Counsel, in their sole discretion, shall allocate and distribute any amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's Counsel.

7.3     Subject to Court approval, WSU has agreed not to object to a request for a service award in the amount of $1,500 to Plaintiff.

7.4     If awarded by the Court, WSU shall pay the attorneys' fees, costs, expenses, and service award to Plaintiff, as set forth above in ¶¶ 7.2, 7.3, and 7.4, within 10 days after the Effective Date.  Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiff's Counsel and service award to Plaintiff consistent with ¶¶ 7.2 and 7.3.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the service award to Plaintiff, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Class Counsel or Plaintiff shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.      Administration of Claims**

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶¶ 2.1 and 2.2.  Class Counsel and WSU shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation to the extent necessary to resolve claims administration issues.  The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth in ¶ 2.4.  All claims agreed to be paid in full by WSU shall be deemed valid.

8.2     Checks for Valid Claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, Claims Referee, WSU, Class Counsel, Plaintiff, Plaintiff's Counsel, and/or WSU's counsel based on distributions of benefits to Settlement Class Members.

8.5     Information submitted by Settlement Class Members in connection with submitted claims under of this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, Claims Referee, Class Counsel, and counsel for WSU.

**9.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)      WSU has not exercised their option to terminate the Settlement Agreement pursuant to ¶ 4.3;

c)      the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d)      the Judgment has become Final, as defined in ¶ 1.7.

9.2      If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3      Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4      In the event that the Settlement Agreement or the releases set forth in paragraphs 6.1, 6.2, and 6.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, WSU shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to ¶ 2.4 above

and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

### 10.      Miscellaneous Provisions

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5    This Agreement contains the entire understanding between WSU and Plaintiff regarding the payment of the *Bahnmaier* Action settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between WSU and Plaintiff in connection with the payment of the *Bahnmaier* Action settlement. Except as otherwise provided herein, each party shall bear its own costs.  This Agreement supersedes all previous agreements made between WSU and Plaintiff.  Any agreements reached between WSU and Plaintiff, and any third party, are expressly excluded from this provision.

10.6    Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8     The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.9     The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.12    All dollar amounts are in United States dollars (USD).

10.13    Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and WSUs shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or ¶ 2.2 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are

issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.14    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Class Counsel

**FEDERMAN & SHERWOOD**

By:      */s/ William B. Federman*
William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Telephone: 405.235.1560
Facsimile: 405.239.2112
Email: wbf@federmanlaw.com

Brandon J.B. Boulware
BOULWARE LAW LLC
1600 Genesseee Street, Suite 416
Kansas City, MO 64102
Telephone:816.492.2826
Email: brandon@boulware-law.com

*Attorneys for Plaintiff*
*Michael Bahnmaier*

Counsel for Wichita State University

**HUSCH BLACKWELL LLP**

By:      */s/ Michael T. Raupp*
MARTIN M. LORING        KS BAR NO. 20840
MICHAEL T. RAUPP        KS BAR NO. 25831
4801 Main Street, Suite 1000
Kansas City, MO 64112
Phone: 816.983.8000
Fax: 816.983.8080
martin.loring@huschblackwell.com
michael.raupp@huschblackwell.com

Casie D. Collignon (*admitted pro hac vice*)
BAKER & HOSTETLER, LLP
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
(303) 764-0600
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

*Attorneys for Defendant*
*Wichita State University*

# EXHIBIT A

**If Wichita State University ("WSU") notified you of a December 2019 Data Incident, you may be eligible for a payment from a class-action settlement.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class-action lawsuit concerning a cyber-attack against Wichita State University whereby criminals accessed WSU's computer systems resulting in the potential compromise of personal information (the "Data Incident"). The Data Incident happened between December 3, 2019 and December 5, 2019, and may have resulted in unauthorized access to certain student and employee web portals. The lawsuit alleges that the Data Incident exposed personally identifying information, including email addresses, dates of birth, and Social Security Numbers. WSU denies the claims in the lawsuit, including that any personal information was accessed, and says it did not do anything wrong.

**Who is included? WSU's records show you are a likely member of the Settlement Class.** The settlement class includes all persons who were sent notification by WSU that their personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020.

**What are the settlement benefits?** The settlement provides payments to people who submit valid claims for reimbursement of up to $300 for documented out-of-pocket expenses and up to three hours of lost time at the rate of $20 per hour that resulted from the Data Incident. Claims made for time spent dealing with the Data Incident can be combined with reimbursement for documented out-of-pocket expenses and are subject to the same $300 cap for all settlement class members. Visit the settlement website or call the toll-free number below for complete benefit details.

**What are my options.  The only way to get a benefit is to file a claim.**  The claim deadline is **[Month, day, year]**. If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue WSU for the claims resolved by this settlement.  If you do not want to be legally bound by the settlement, you must exclude yourself by **[Month Day Year]**.  If you stay in the settlement, you may object to it by **[Month, Day, Year].**

On **[Month, day, year]**, the Court will hold a Fairness Hearing to determine whether to approve the settlement. The Court will also consider class counsel's request for attorneys' fees and expenses of no more than $325,000 for litigating the case and negotiating the Settlement, and a service award of $1,500 for the plaintiff.  Any award of attorneys' fees, expenses, and service award to the plaintiff will be paid separately by WSU and will not reduce the amount of payments to class members who submit valid claims. The motion for settlement approval and motion for attorneys' fees will be posted on the settlement website after they are filed.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

This is only a summary of the settlement.  Detailed information concerning benefits, how to file a claim or how to object is available at the website www.WichitaStateUniversitySettlement.com or by calling toll-free at 1-844-367-8804.

| www.WichitaStateUniversitySettlement.com | 1-844-367-8804 |

# EXHIBIT B

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS</u>

# If Wichita State University notified you of a December 2019 Data Incident, you may be eligible for a payment from a class action settlement.

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- A settlement has been reached in a proposed class-action lawsuit called *Bahnmaier v. Wichita State University*, Case No. 2:20-cv-02246-JAR-TJJ in the United States District Court for the District of Kansas, concerning a cyber-attack that occurred as a result of criminals accessing the computer systems at Wichita State University ("WSU") and potentially compromising personal information ("Data Incident").

- The Data Incident happened between December 3, 2019 and December 5, 2019. WSU was the victim of a cyber-attack in which criminals may have gained unauthorized access to certain student and employee web portals. The lawsuit alleges that the Data Incident potentially exposed personally identifiable information ("PII"), including names, email addresses, dates of birth, and Social Security Numbers of approximately 443,000 individuals.  WSU denies the claims in the lawsuit, including that any personal information was accessed, and says it did not do anything wrong.

- The Settlement includes all persons who were sent notification by WSU of the Data Incident announced by WSU in March 2020.  It specifically excludes: (i) WSU and its officers and directors; (ii) all class members who timely and validly request exclusion from the class; (iii) the judge assigned to evaluate the fairness of this settlement; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

- The Settlement provides payments, up to $300 per person, to people who submit valid claims for documented out-of-pocket expenses related to the Data Incident and for up to three hours of time spent dealing with the Data Incident, at $20 per hour.

**Your legal rights are affected even if you do nothing.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **Submit a Claim** | The only way to get a payment. <br><br> You must file a claim by **Month 00, 2021**. |
| **Ask to Opt-Out of the Settlement** | Get no payment.  The only option that allows you to sue WSU over the claims resolved by this settlement. <br><br> You must request to opt-out of the settlement by **Month 00, 2021.** |
| **Object** | Write to the Court about why you do not like the settlement. <br><br> You must submit an objection by **Month 00, 2021.** |
| **Do Nothing** | Get no payment.  Give up rights to sue WSU for the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

The Court in charge of this case still has to decide whether to grant final approval of the settlement.  Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved.

Questions?  Call 1-844-367-8804 or visit www.WichitaStateUniversitySettlement.com

2

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................................ Page 3
1. Why was this notice issued?
2. What is this lawsuit about?
3. Why is this lawsuit a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT?** ........................................................................................ Page 3
5. How do I know if I am included in the settlement?
6. What if I am not sure whether I am included in the settlement?

**THE SETTLEMENT BENEFITS** .......................................................................................... Page 4
7. What does the settlement provide?
8. What payments are available for expense reimbursement?
9. What payments are available for lost-time reimbursement?

**HOW TO GET BENEFITS** .................................................................................................... Page 5
10. How do I get benefits?
11. How will claims be decided?

**REMAINING IN THE SETTLEMENT** ................................................................................... Page 5
12. Do I need to do anything to remain in the settlement?
13. What am I giving up as part of the settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................................... Page 5
14. If I opt-out of the settlement, can I get a payment from this settlement?
15. If I do not opt-out of the settlement, can I sue WSU for the same thing later?
16. How do I opt-out of the Settlement?

**THE LAWYERS REPRESENTING YOU** ............................................................................... Page 7
17. Do I have a lawyer in this case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................................... Page 7
19. How do I tell the Court that I do not like the settlement?
20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** .................................................................................. Page 8
21. When and where will the Court decide whether to approve the settlement?
22. Do I have to attend the hearing?

**IF YOU DO NOTHING** ........................................................................................................ Page 9
23. What happens if I do nothing?

**GETTING MORE INFORMATION** ....................................................................................... Page 9
24. How do I get more information?

**Questions?  Call 1-844-367-8804 or visit www.WichitaStateUniversitySettlement.com**

# BASIC INFORMATION

## 1.  Why was this notice issued?

The Court authorized this notice because you have a right to know about the proposed settlement in this lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement.  This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the settlement.

The Honorable Julie A. Robinson of the United States District Court for the District of Kansas is overseeing this case.  The case is known as *Bahnmaier v. Wichita State University*, Case No. 2:20-cv-02246-JAR-TJJ.  The person who sued is called the Plaintiff.  WSU is the Defendant in this case.

## 2.  What is this lawsuit about?

The lawsuit claims that WSU was responsible for the Data Incident that occurred, and asserts claims such as: negligence, negligence *per se*, breach of implied contract, unjust enrichment and violations of the Kansas consumer protection statutes.  The lawsuit seeks compensation for people who had losses as a result of the Data Incident.

WSU denies all of the Plaintiff's claims and says it did not do anything wrong.

## 3.  Why is this lawsuit a class action?

In a class action, one or more people called "class representatives" sue on behalf of all people who have similar claims.  All of these people together are the "class" or "class members."  In this case, the class representative is Michael Bahnmaier.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

## 4.  Why is there a settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit timely, valid claims will get compensation. The class representative and his attorneys believe the settlement is fair, reasonable, and adequate and, thus, best for the class and its members.  The settlement does not mean that WSU did anything wrong.

# WHO IS IN THE SETTLEMENT?

## 5.  How do I know if I am included in the settlement?

You are included in the class if you reside in the United States and were notified by WSU in March 2020 of the Data Incident that occurred between December 3, 2019 and December 5, 2019.

The Settlement Class specifically excludes: (i) WSU and its officers and directors; (ii) all class members who timely and validly request exclusion from the class; (iii) the judge assigned to evaluate the fairness of this settlement; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

## 6.  What if I am not sure whether I am included in the settlement?

If you are not sure whether you are included in the settlement, you may call 1-**844-367-8804** with questions or visit **www.WichitaStateUniversitySettlement.com**. You may also write with questions to WSU Data Breach Settlement, c/o Claims Administrator, PO Box 00000, Philadelphia, PA 19101-0000. Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

## 7.  What does the settlement provide?

The settlement will provide payments to people who submit valid claims.

There are two types of payments that are available: (1) Expense Reimbursement (*Question 8*) and (2) Lost-Time Reimbursement (*Question 9*).  You may submit a Claim for either or both types of payments. The maximum amount of money you may claim is $300 per person.  In order to claim expense reimbursement, you must provide related documentation with the claim form. In order to claim lost-time reimbursement, you must (1) attest on the claim form that any claimed lost time was spent related to the Data Incident; and (2) provide with the claim form a written description of how the claimed lost time was spent related to the Data Incident.

## 8.  What payments are available for out-of-pocket expense reimbursement?

Class members are eligible to receive reimbursement of up to $300 (in total) for the following categories of out-pocket expenses resulting from the Data Incident:

1. Unreimbursed bank fees or penalties;

2. Unreimbursed card reissuance fees or penalties;

3. Unreimbursed overdraft fees or penalties;

4. Unreimbursed charges related to unavailability of funds;

5. Unreimbursed late fees or penalties;

6. Unreimbursed over-limit fees or penalties;

7. Long distance telephone charges;

8. Cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident);

9. Unreimbursed charges from banks or credit card companies;

10. Interest on payday loans that were taken out solely as a result of the Data Incident;

11. Costs of credit report(s) purchased by Settlement class members between December 3, 2019 and **[Month day, 2021]** (with affirmative statement by the class member that it was purchased primarily because of the Data Incident);

12. Costs of credit monitoring and identity theft protection purchased by Settlement Class Members between December 3, 2019 and **[Month day, 2021]** (with affirmative statement by the class member that it was purchased primarily because of the Data Incident and not for other purposes, and with proof of purchase); and

13. Other losses incurred by class members determined to be traceable to the Data Incident by the settlement administrator.

## 9.  What payments are available for lost -time reimbursement?

Class members are also eligible to receive up to three hours for time spent dealing with issues resulting from the Data Incident.

- Time spent dealing with issues resulting from the Data Incident is calculated at the rate of $20 per hour.

- You can only claim lost time if at least one full hour was spent dealing with issues resulting from the Data Incident, and you must both attest to the time spent and describe how the time was spent on the claim form.

- Lost time claims can be combined with reimbursement for out-of-pocket expenses and are subject to the same $300 maximum reimbursement per person.

More details are provided in the Settlement Agreement, which is available at **www.WichitaStateUniversitySettlement.com**.

# HOW TO GET BENEFITS

## 10.  How do I get benefits?

If you want to get money from this settlement, you must complete and submit a claim form online or by mail, postmarked, no later than **Month 00, 2021** to:

WSU Data Breach Settlement
c/o Claims Administrator
PO Box 0000
Philadelphia, PA 19101-0000

Please read the instructions carefully.  You must include reasonable documentation for any out-of-pocket expenses and charges incurred. If you cannot provide documentation, you must provide a statement explaining why you cannot provide documentation.

You can get a claim form online at www.WichitaStateUniversitySettlement.com, or you may request one by mail by calling **1-844-367-8804**.

## 11.  How will claims be decided?

The claims administrator will initially decide whether the information provided on a claim form is complete and valid.  The claims administrator may require additional information from any claimant.  If the required information is not provided timely, the claim will be considered invalid and will not be paid.

If the claim is complete and the claims administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial claims referee.

# REMAINING IN THE SETTLEMENT

## 12.  Do I need to do anything to remain in the settlement?

You do not have to do anything to remain in the settlement, but if you want a payment you must submit a claim form either online or via mail, postmarked by **Month 00, 2021**. See *Question 10* for instructions on filing a claim.

## 13.  What am I giving up as part of the settlement?

If the settlement becomes final, you will give up your right to sue WSU for the claims being resolved by this settlement.  The specific claims you are giving up against WSU are identified in Section 1.17 and described in Section 6 of the Settlement Agreement.  You will be "releasing" WSU as described in Section 6 of the Settlement Agreement.  The Settlement Agreement is available at **www.WichitaStateUniversitySettlement.com**.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in *Question 17* for free or you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue WSU over issues in this case, then you must take steps to opt-out of the class.  This is called excluding yourself from—or is sometimes referred to as "opting out" of—the class.

## 14.  If I opt-out of the settlement can I get a payment from this settlement?

No.  If you opt-out, you will not be entitled to any benefits of the settlement, but you will not be bound by any judgment in this case.

## 15.  If I do not opt-out, can I sue WSU for the same thing later?

No.  Unless you opt-out, you give up any right to sue WSU for the claims that this settlement resolves. You must opt-out of the class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.  If you opt-out, do not submit a claim form to ask for a payment.

## 16.  How do I opt-out of the settlement?

To opt-out of the settlement, send a letter that says you want to opt-out of the settlement in *Bahnmaier v. Wichita State University*, Case No. 2:20-cv-02246-JAR-TJJ.  You must include your name, address, and signature.  You must mail your opt-out request postmarked by **Month 00, 2021**, to:

WSU Settlement Exclusions
c/o Claims Administrator
PO Box 0000
Philadelphia, PA 19101-0000

**Questions?  Call 1-844-367-8804 or visit www.WichitaStateUniversitySettlement.com**

# THE LAWYERS REPRESENTING YOU

**17.  Do I have a lawyer in this case?**

Yes.  The Court appointed Federman & Sherwood as "class counsel" to represent you and all class members. You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.  How will the lawyers be paid?**

For litigating the case and negotiating the Settlement, class counsel will request the Court's approval of an award for attorneys' fees and reasonable costs and expenses of no more than $325,000.  Class counsel will also request approval of a service award of $1,500 to be given to the class representative.  Any amount that the Court awards for attorneys' fees, expenses, and a service award to the class representative will be paid separately by WSU and will not reduce the amount of payments to class members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.  How do I tell the Court that I do not like the settlement?**

You can object to the settlement if you do not like it or some part of it.  The Court will consider your views.  To do so, you must file a written objection in this case, *Bahnmaier v. Wichita State University, Case No. 2:20-cv-02246-JAR-TJJ*, with the Clerk of the Court at the address below.

Your objection must include all the following information:

1.  your full name, address, telephone number, and e-mail address (if any);

2.  information identifying you as a class member, including proof that you are a member of the class (e.g., copy of settlement notice, copy of original notice of the Data Incident);

3.  a written statement of all grounds for your objection, accompanied by any legal support for the objection you believe is applicable;

4.  the identity of any and all counsel representing you in connection with the objection;

5.  a statement whether you and/or your counsel will appear at the Final Fairness Hearing;

6.  your signature and the signature of your duly authorized attorney representing you in connection with the objection or other duly authorized representative (along with documentation setting forth such representation); and

7.  a list, by case name, court, and docket number, of all other cases in which you and/or your counsel have filed an objection to any proposed class action settlement within the last three (3) years.

To be timely, your objection must be **postmarked** to the Clerk of the Court for the United States District Court for the District of Kansas no later than **Month 00, 202**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel, postmarked no later than **Month 00, 2021**:

| COURT | DEFENSE COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of the Court<br>500 State Ave.<br>Kansas City, KS 66101 | Casie D. Collignon<br>Baker & Hostetler, LLP,<br>1801 California Street, Suite 4400<br>Denver, Colorado 80202-2662 | William B. Federman<br>Federman & Sherwood<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, Ok 73120 |

### 20.  What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like the settlement and why you do not think it should be approved.  You can object only if you do not opt-out of the Class.  Opting out of the settlement is telling the Court that you do not want to be part of the class.  If you opt-out, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the settlement.

### 21.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 00:00 x.m. on **Month 00, 2021**, at the United States District Court for the District of Kansas located at 500 State Ave., Kansas City, KS 66101.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check **www.WichitaStateUniversitySettlement.com** or call **1-844-367-8804**. The hearing may also be held via zoom or telephonically.  Instructions on how to appear at the Final Fairness Hearing will be posted on the settlement website, located at **www.WichitaStateUniversitySettlement.com** or you can call **1-000-000-0000.**

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made.  The Court will also rule on the request for an award of attorneys' fees and expenses, as well as the request for a service award for the class representative.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

### 22.  Do I have to attend the hearing?

No.  Class counsel will present the Settlement Agreement to the Court.  You or your own lawyer are welcome to attend at your expense, but you are not required to do so.

If you send an objection, you do not have to come to the Court to talk about it.  As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in *Question 19*, the Court will consider it. If, however, you would also like to attend and speak at the hearing, you must state your intention to do so as part of your objection, as discussed in *Question 19*.

# IF YOU DO NOTHING

## 23.  What happens if I do nothing?

If you do nothing, you will get no benefits from this settlement.  Unless you opt-out of the settlement after the settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against WSU about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 24.  How do I get more information?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.

You can get a copy of the Settlement Agreement at **www.WichitaStateUniversitySettlement.com**.

You may also write with questions to:

WSU Data Breach Settlement
 c/o Claims Administrator
PO Box 00000
Philadelphia, PA 19101-0000

You can also get a claim form and further information at the website, or by calling the toll-free number, **1-844-367-8804**.

# EXHIBIT C

# *«RefNum»*
«RefNum»

## CLAIM FORM

A settlement has been reached in a proposed class-action lawsuit ("Lawsuit") concerning a cyber-attack against Wichita State University ("WSU"), whereby criminals accessed WSU's computer systems resulting in the potential compromise of personal information (the "Data Incident"). Specifically, the lawsuit alleged that in December 2019, WSU "learned that 'an unauthorized person gained access' to a 'computer server that WSU used to operate various student and employee web portals' between December 3, 2019 and December 5, 2019." The lawsuit alleges that the Data Incident exposed personally identifiable information of Plaintiff and the Class, including names, email addresses, dates of birth, and Social Security Numbers ("PII"). WSU denies all of the claims in the lawsuit, including that any personal information was accessed, and says it did not do anything wrong.

You are a "class member" if you were sent notification by WSU that your personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020, and you may be entitled to share in the settlement benefits.

As a class member, you are eligible to receive up to $300 in (1) documented out-of-pocket expenses and (2) up to three hours of time spent dealing with the Data Incident, at $20.00 per hour.[1]

TO BE ELEGIBLE FOR ANY SETTLEMENT BENEFITS, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND SUBMIT IT NO LATER THAN [**MONTH 00], 2021.**

This claim form should be filled out online or submitted by mail. Checks will be mailed to eligible class members if the settlement is approved by the Court.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www.WichitaStateUniversitySettlement.com, or call 1-844-367-8804 for more information.

Claim submission options:

- File a claim online at www.WichitaStateUniversitySettlement.com. Your form must be submitted by 11:59 p.m. Central Time on xxx xx, 20XX.
- Print this form, complete the form in its entirety, and mail to the claims administrator at the address listed below. YOU MUST INCLUDE YOUR CLASS MEMBER ID. You can locate your class member ID at the top of the postcard notice that was sent to you. Your claim form must be postmarked by XXXX XX, 20XX.
- You can contact the claims administrator to request a claim form be mailed to you. You must complete the claim form in its entirety and then mail the completed claim form so that it is postmarked by XXXX XX, 20XX.

---

[1] Documented out-of-pocket expenses include: (i) unreimbursed bank fees or penalties; (ii) unreimbursed card reissuance fees or penalties; (iii) unreimbursed overdraft fees or penalties; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees or penalties; (vi) unreimbursed over-limit fees or penalties; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans incurred solely as a result of the Data Incident; (xi) costs of credit report(s) purchased by class members between December 3, 2019 and the date of the preliminary approval order (with affirmative statement by the class member that it was purchased primarily because of the Data Incident); (xii) costs of credit monitoring and identity theft protection purchased by class members between December 3, 2019 and forty-five (45) days after the date on which notice of the settlement is sent to the class members (with affirmative statement by the class member that it was purchased primarily because of the Data Incident and not for other purposes, and with proof of purchase); and (xiii) other losses incurred by class members determined to be fairly traceable to the Data Incident by the settlement administrator.

You are also eligible for up to 3 hours of time spent dealing with the Data Incident, valued at $20 per hour. In order to receive this benefit, you must (1) have spent at least one hour of time dealing with the Data Incident; (2) attest that any claimed lost time was spent dealing with the Data Incident; and (3) provide a written description of how the claimed lost time was spent related to the Data Incident.

\*«RefNum»\*

«RefNum»

## 1. CLASS MEMBER INFORMATION.

Class Member ID:   XXXXX ___  ___  ___  ___  ___  ___  ___  ___

Name *(REQUIRED)*: _____  ___  _____
First Name                                      Mi   Last Name

_____
*Number and Street Address (REQUIRED)*

_____   ___ ___       ___ ___ ___ ___ ___ - ___ ___ ___ ___
*City (REQUIRED)*                                      *State (REQUIRED)*              *Zip Code (REQUIRED)*

Telephone Number *(REQUIRED):* ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

Email Address (optional): _____@_____

# \*XXXXX\*                   \*CF\*                   \*Page 1 of 4\*

## 2. PAYMENT ELIGIBILITY INFORMATION.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment. For more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed, please review the notice and section 2.1 the Settlement Agreement (available at www.WichitaStateUniversitySettlement.com).

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

a. **Reimbursement of Lost Time Resulting from the Data Incident:** (between one and 3 hours of time spent dealing with the Data Incident, which will be calculated and paid at a rate of $20.00 per hour)

Total number of hours claimed _____

**Description of how you spent your time responding to the Data Incident:**

_____

_____

_____

*If the time was spent online or on the telephone, briefly describe what you did, or attach a copy of any letters or emails you wrote.  If the time was spent trying to reverse fraudulent charges, briefly describe what you did.  If the time was spent checking or updating accounts, identify the accounts that had to be checked or updated.*

Please note that the time that it takes to fill out this Claim Form is **not** reimbursable and should not be included in the total.

\*«RefNum»\*

«RefNum»

b. **Expense Reimbursement Resulting from the Data Incident:** (not to exceed $300 per Settlement Class Member)

Check the box for each category of documented out-of-pocket expenses you had to pay as a result of the Data Incident or lost time that you spent dealing with the Data Incident.  Please be sure to fill in the total amount you are claiming for each category and attach documentation of the charges as described in **bold type** (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

\_\_\_\_\_ Credit reports, identity theft insurance, or credit monitoring charges.

Examples - The cost of a credit report, identity theft insurance, or credit monitoring services that you purchased after hearing about the Data Incident.

Total amount for this category $_____

*Attach a copy of a receipt or other proof of purchase for each credit report or product purchased.*

You may mark out any information that is not relevant to your claim before sending in the documentation.

☐    **Check this box to confirm that any and all credit reports, identity theft insurance, or credit monitoring claimed for reimbursement were purchased primarily because of the Data Incident.**

\_\_\_\_\_ Bank fees or penalties due to fraudulent activity.

Examples - Overdraft fees, over-the-limit fees, late fees, or charges due to insufficient funds or interest.

Total amount for this category $_____

*Attach a copy of a bank or credit card statement or other proof of the fees or charges.*

You may mark out any information that is not relevant to your claim before sending in the documentation.

**Date reported** _____

**Description of the person(s) to whom you reported the fraud:**

_____

_____

_____

\_\_\_\_\_ Fees or charges relating to the reissuance of your credit or debit card.

Examples – Fees that your bank charged you because you requested a new credit or debit card.

Total amount for this category $_____

*Attach a copy of a bank or credit card statement or other receipt showing these fees.*

\*XXXXX\*                 \*CF\*                 \*Page 2 of 4\*

# *«RefNum»*

«RefNum»

You may mark out any information that is not relevant to your claim before sending in the documentation.

_____ Fees or costs relating to your account being frozen or unavailable.

Examples - You were charged a late fee or interest by another company because your payment was declined. You had to pay a fee for a money order or other form of alternative payment because you could not access funds in your account. You had to take out a payday loan as a result of funds being unavailable.

Total amount for this category $_____

**_Attach a copy of receipts, bank or credit card statements, or other proof that you had to pay these expenses._**

You may mark out any information that is not relevant to your claim before sending in the documentation.

_____ Other incidental telephone, internet, or postage expenses directly related to the Data Incident.

Examples - Long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used)

Total amount for this category $_____

**_Attach a copy of the bill from your telephone or mobile phone company or internet service provider that shows the charges._**

You may mark out any information that is not relevant to your claim before sending in the documentation.

_____ Other losses or costs directly related to the Data Incident.

Total amount for this category $_____

**_Attach documentation supporting these costs and demonstrating how they are directly related to the Data Incident._**

You may mark out any information that is not relevant to your claim before sending in the documentation.

☐ **Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for the losses or charges for which you seek reimbursement in this claim form.**

**If you are unable to provide documentation for any out-of-pocket expenses for which you seek reimbursement, you must submit a sworn declaration, under oath with penalty of perjury, explaining why supporting documentation cannot be provided and explaining the details of the out-of-pocket expenses.**

*XXXXX*                    *CF*                    *Page 3 of 4*

### 3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the claims administrator or claims referee before my claim will be considered complete and valid.

\* «RefNum» \*

«RefNum»

_____   _____   ___ ___ / ___ ___ / ___ ___ ___ ___
*Signature*                              *Print Name*                            *Month/Day/Year (mm/dd/yyyy)*

**4. MAIL YOUR CLAIM FORM.**

This claim form must be either submitted online or postmarked by **XXXX XX, 20XX** and mailed to:

Bahnmaier v. Wichita State University Settlement
c/o Claims Administrator
PO Box XXXX
Philadelphia, PA XXXXX-XXXX

\*XXXXX\*                    \*CF\*                    \*Page 4 of 4\*

Bahnmaier v Wichita State University Settlement
c/o Claims Administrator
PO Box XXXXX
Philadelphia, PA  XXXXX-XXXX

# *«RefNum»*

«RefNum»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «State» «Zip»

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL BAHNMAIER, individually and
on behalf of all others similarly situated,

          Plaintiff,

   v.

WICHITA STATE UNIVERSITY,

         Defendant.

CASE NO. 2:20-cv-02246-JAR-TJJ

**[PROPOSED] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT,
APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING A FINAL
APPROVAL HEARING**

This case is before the Court on Plaintiff Michael Bahnmaier's ("Plaintiff") Unopposed
Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court,
having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated
January 12, 2021 (the "Settlement Agreement"), the proposed forms of notice to the Settlement
Class, the pleadings and other papers filed in this Action, and the statements of counsel and the
parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

**Preliminary Approval of Settlement Agreement**

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the
meanings ascribed to those terms in the Settlement Agreement.

2.     This Court has jurisdiction over the Litigation, Plaintiff, all Settlement Class

members, Defendant Wichita State University ("WSU"), and any party to any agreement that is part of or related to the Settlement.

3.  The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

**Class Certification**

4.  Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons who were sent notification by WSU that their personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020.

5.  Excluded from the Settlement Class are: (i) WSU and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contender* to any such charge.

6.  Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

    (a)   the Settlement Class is so numerous that joinder of all members is impracticable;

    (b)   there are questions of law or fact common to the Settlement Class;

    (c)   Plaintiff and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

2

(d)     the claims of Plaintiff are typical of those of Settlement Class members;

(e)     common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)     Plaintiff fairly and adequately protects and represents the interests of all members of the Settlement Class, and Plaintiff's interests are aligned with the interests of all other members of the Settlement Class; and

(g)     settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7.     The Court appoints Federman & Sherwood as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.     The Court hereby appoints Plaintiff Michael Bahnmaier as the Class Representative for settlement purposes only on behalf of the Settlement Class.

<u>**Notice to Settlement Class Members**</u>

9.     The Court approves the Short Notice and Long Notice, substantially similar to Exhibits A and B to the Settlement Agreement (the "Settlement Notices"), and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan"), complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.     The Court further approves the Claim Form, substantially similar to Exhibit C to the Settlement Agreement, which will be available both on the Settlement Website and by request.

11.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance

with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12.     No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class member via email, whose email address can be identified through reasonable effort, and/or through mailing to any potential Settlement Class member for whom an email was undeliverable or bounced back or in circumstances where a working email is not available; and shall cause to be published the Long Notice available to the rest of the Class as stated in the proposed Notice Plan. All notices by publication shall be complete forty-five (45) days prior to the Final Approval Hearing. At least, thirty (30) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on WSU a verification of compliance with the notice requirements.

13.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by WSU pursuant to the Settlement Agreement.

14.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**Responses by Class Members and the Scheduling of a Final Approval Hearing.**

15.     Settlement Class members may opt-out (the "Opt-Out Deadline") or object up to ninety (90) days from the date on which the Notice Plan commences.

16.     Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to opt-out of the Settlement to Class Counsel

4

and Counsel for WSU on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by filing requests to opt-out as a group or class, but must in each instance individually and personally file an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against WSU.

17.     Any member of the Settlement Class that does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

18.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| WSU Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 90 days after Commencement of Notice Program |

| Postmark / Filing Deadline for Filing Claims | 120 days after Commencement of the Notice Program |
|---|---|
| Filing Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award filed by Class Counsel | At Least 15 days before the Objection Deadline |
| Filing Motion for Final Approval to be filed by Class Counsel | 60 days after Commencement of Notice Program |
| Final Approval Hearing | At the Court's convenience, approximately on or after 90 days after Commencement of the Notice Program |

19.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on _____, 2021 at _____, Courtroom _____, of the U.S. Courthouse, 500 State Ave., Kansas City, KS 66101.

20.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award an incentive award to the named Plaintiff, shall also be heard at the time of the hearing.

21.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.  The

Court may also decide to hold the hearing via zoom or telephonically.  Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

22.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

23.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the incentive award request, by serving a written objection upon Class Counsel, WSU's counsel, and the Court.

24.     Any Class member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

25.     Objections, along with any notices of intent to appear, must be filed with the Court no later than ninety (90) days after the Notice Plan commences. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and must have complied with the requirements of this Order. The notice of objection shall

be sent to (a) Class Counsel, (b) WSU's counsel, and (c) the Court. Such objection shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. No objector may appear at the hearing unless the objector indicates an intent to appear. These documents must be filed with the Clerk of the Court electronically or at the following address and mailed to Counsel listed below:

### Court

Clerk of the Court
United States District Court for the District of Kansas
500 State Ave.,
Kansas City, KS 66101

### Plaintiff's Counsel

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
-and-
212 W. Spring Valley Road
Richardson, Texas 75801
(405) 235-1560

**WSU's Counsel**

Casie D. Collignon
Matthew D. Pearson
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
(303) 764-0600
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

26.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the incentive award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

27.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

28.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against WSU with respect to all of the Released Claims.

29.     WSU shall prepare and send, at WSU's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for WSU shall cooperate promptly and fully in the preparation of such notices, including providing WSU with any and all information in their possession necessary for the preparation of these notices. WSU shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. WSU shall provide notice to Class Counsel of compliance with

the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

**Administration of the Settlement.**

30.     The Court hereby appoints the claims administrator proposed by the parties, Heffler Claims Group (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class members; (b) disseminating notice to the Class; (c) developing a web site to enable Class members to access documents; (d) accepting and maintaining documents sent from Class members relating to claims administration; and (e) distributing settlement checks to Class members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by WSU.

31.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against WSU and any other released party, and WSU and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

32.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any

10

proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by WSU as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: _____        _____

                                        United States District Court Judge Julie A. Robinson