## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL BAHNMAIER, individually and
on behalf of all others similarly situated,

            Plaintiff,

   v.

WICHITA STATE UNIVERSITY,

           Defendant.

CASE NO. 2:20-cv-02246-JAR-TJJ

## ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS-ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING

This case is before the Court on Plaintiff Michael Bahnmaier's ("Plaintiff") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Amended Settlement Agreement dated February 9, 2021 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed short notice, long notice, and claim form (attached as Exhibits A, B, and C, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

### Preliminary Approval of Settlement Agreement

1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      This Court has jurisdiction over the Litigation, Plaintiff, all Settlement Class members, Defendant Wichita State University ("WSU"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(1)(B) and that a hearing should be held as set forth below.

## Class Certification

4.      Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons who were sent notification by WSU that their personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020.

5.      Excluded from the Settlement Class are: (i) WSU and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) Judge Julie A. Robinson, who is assigned to evaluate the fairness of this settlement, and her staff and family; (iv) Magistrate Judge Teresa J. James and her staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contender* to any such charge.

6.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)     Plaintiff and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d)     the claims of Plaintiff are typical of those of Settlement Class members;

(e)     common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)     Plaintiff fairly and adequately protects and represents the interests of all members of the Settlement Class, and Plaintiff's interests are aligned with the interests of all other members of the Settlement Class; and

(g)     settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7.     The Court appoints Federman & Sherwood as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.     The Court hereby appoints Plaintiff Michael Bahnmaier as the Class Representative for settlement purposes only on behalf of the Settlement Class.

### Notice to Settlement Class Members

9.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Short Notice and Long Notice (the "Settlement Notices"), attached as Exhibits A and B, respectively, to the Settlement Agreement attached to this Order as Exhibit 1, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") attached as Exhibit 1 to this Order  complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.     The Court further approves the Claim Form, substantially similar to Exhibit C to the Settlement Agreement attached as Exhibit 1 to this Order, which will be available both on the Settlement Website and by request.

11.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12.     No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class member via email, whose email address can be identified through reasonable effort, and/or through mailing to any potential Settlement Class member for whom an email was undeliverable or bounced back or in circumstances where a working email is not available; and shall cause to be published the Long Notice available to the rest of the Class as stated in the proposed Notice Plan. All notices by publication shall be complete forty-five (45) days prior to the Final Approval Hearing. At least, thirty (30) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on WSU a verification of compliance with the notice requirements.

13.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by WSU pursuant to the Settlement Agreement.

14.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**Responses by Class Members and the Scheduling of a Final Approval Hearing**

15.      Settlement Class members may opt-out (the "Opt-Out Deadline") or object up to ninety (90) days from the date on which the Notice Plan commences.

16.      Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to opt-out of the Settlement to Class Counsel and Counsel for WSU on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by filing requests to opt-out as a group or class, but must in each instance individually and personally file an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against WSU.

17.      Any member of the Settlement Class that does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

18.      The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| WSU Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 90 days after Commencement of Notice Program |
| Postmark / Filing Deadline for Filing Claims | 120 days after Commencement of the Notice Program |
| Filing Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards filed by Class Counsel | At Least 15 days before the Objection Deadline |
| Filing Motion for Final Approval to be filed by Class Counsel | 60 days after Commencement of Notice Program |
| Final Approval Hearing | July 27, 2021 at 2:00 p.m. Central Standard Time |

19.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on July 27, 2021 at 2:00 p.m. Central Standard Time, Courtroom 427, of the U.S. Courthouse, 500 State Ave., Kansas City, KS 66101.

20.    At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and

request for the Court to award a service award to the named Plaintiff, shall also be heard at the time of the hearing.

21.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.  The Court may also decide to hold the hearing via zoom or telephonically.  Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

22.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

23.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service award request, by serving a written objection upon Class Counsel, WSU's counsel, and the Court.

24.     Any Class member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice

of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

25.      Objections, along with any notices of intent to appear, must be filed with the Court no later than ninety (90) days after the Notice Plan commences. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and must have complied with the requirements of this Order. The notice of objection shall be sent to (a) Class Counsel, (b) WSU's counsel, and (c) the Court. Such objection shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. No objector may appear at the hearing unless the objector indicates an intent to appear. These documents must be filed with the Clerk of the Court electronically or at the following address and mailed to the Counsel listed below:

## Court

Clerk of the Court
United States District Court for the District of Kansas
500 State Ave.,
Kansas City, KS 66101

### Plaintiff's Counsel

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
-and-
212 W. Spring Valley Road
Richardson, Texas 75801
(405) 235-1560

### WSU's Counsel

Casie D. Collignon
Matthew D. Pearson
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
(303) 764-0600
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

26.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

27.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

28.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against WSU with respect to all of the Released Claims.

29.     WSU shall prepare and send, at WSU's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for WSU shall cooperate promptly and fully in the preparation of such notices, including providing WSU with any and all information in their possession necessary for the preparation of these notices. WSU shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. WSU shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

### Administration of the Settlement

30.     The Court hereby appoints the claims administrator proposed by the parties, Heffler Claims Group (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class members; (b) disseminating notice to the Class; (c) developing a web site to enable Class members to access documents; (d) accepting and maintaining documents sent from Class members relating to claims administration; and (e) distributing settlement checks to Class members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by WSU.

31.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further

4839-8992-8660.15

force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against WSU and any other released party, and WSU and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

32.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by WSU as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: <u>February 10, 2021</u>

                 S/ Julie A. Robinson
                JULIE A. ROBINSON
                CHIEF UNITED STATES DISTRICT JUDGE