**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| MICHAEL BAHNMAIER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>WICHITA STATE UNIVERSITY,<br><br>        Defendant. | Case No. 2:20-cv-02246-JAR-TJJ |

## [PROPOSED] FINAL ORDER AND JUDGMENT

The Court, having considered the Plaintiff's Unopposed Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Litigation") pursuant to the Amended Settlement Agreement (the "Settlement Agreement") dated February 9, 2021, between representative Plaintiff Michael Bahnmaier ("Plaintiff" or "Class Representative") and Defendant Wichita State University ("Defendant" or "WSU") (collectively, the "Parties"), having considered all of the submissions and arguments with respect to the Motion, and having held a Final Fairness Hearing on July 27, 2021, finds that:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.      Notice to the Settlement Class Members has been provided in accordance with the Court's Preliminary Approval Order (Dkt. No. 33), and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process, constituted the best notice practicable under the circumstances, and

provided due and sufficient notice to all persons entitled to notice of the Settlement of this Litigation.

3.      The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith and without collusion by counsel for the Parties and is supported by the Class Representative and Class Counsel.

4.      The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5.      The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release by Plaintiff and Settlement Class Members of the Released Claims. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

6.      The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.  The Parties, and Settlement Class Members who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

7.      The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23: All persons who were sent

notification by WSU that their personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020. The Settlement Class specifically excludes: (i) WSU and its officers and directors; (ii) all Settlement Class Members who timely and validly requested exclusion from the Settlement Class; (iii) Judge Julie A. Robinson, who is assigned to evaluate the fairness of this settlement, and her staff and family; (iv) Magistrate Judge Teresa J. James and her staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contender* to any such charge

8.     The requirements of Rule 23 have been satisfied for settlement purposes.  The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; the claims of the Class Representative is typical of the Settlement Class Members' claims; and the Class Representative has fairly and adequately represented the interests of the Settlement Class.

9.     The Notice was disseminated and published in accordance with the Preliminary Approval Order.  The form and method of notifying the Class of the pendency of the Action and the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to Settlement Class Members.

10.     The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement Agreement to Settlement Class Members who have submitted Valid Claims.

11.     The Plaintiff and the Settlement Class Members release and forever discharge the

Released Persons from the Released Claims, as set forth below:

> Upon the Effective Date, WSU shall be deemed to have, and by operation of the
> Judgment shall have, fully, finally, and forever released, relinquished, and
> discharged, Plaintiff, each and all of the Settlement Class Members, Class Counsel
> and Plaintiff's Counsel, of all claims, including Unknown Claims, based upon or
> arising out of the institution, prosecution, assertion, settlement, or resolution of the
> Litigation or the Released Claims, except for enforcement of the Settlement
> Agreement. Any other claims or defenses WSU may have against such Persons
> including, without limitation, any claims based upon or arising out of any retail,
> banking, debtor creditor, contractual, or other business relationship with such
> Persons that are not based upon or do not arise out of the institution, prosecution,
> assertion, settlement, or resolution of the Litigation or the Released Claims are
> specifically preserved and shall not be affected by the preceding sentence.

12.     Each Settlement Class Member, whether or not such Settlement Class Member

executes and delivers a Valid Claim, is bound by this Judgment, including, without limitation, the

release of claims as set forth in the Settlement Agreement.

13.     The Court hereby awards Class Counsel $325,000 for attorneys' fees and for

reimbursement of their litigation costs and expenses.  The Court finds this award of attorneys'

fees, costs and expenses is fair and reasonable.

14.     The Court hereby approves the payment of a service award to Plaintiff in the

amount of $1,500 for his commencement and prosecution of this action for the benefit of the

Settlement Class. The Court finds the service award is fair and reasonable.

15.     Without affecting the finality of this judgment, the Court retains exclusive

jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising

out of or related in any way to the Settlement Agreement, including without limitation its

applicability, administration, and consummation.

16.     The Settlement Agreement and the proceedings taken and statements made

pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement

Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendant.  Defendant has denied and continues to deny the claims asserted by Plaintiff. The Court makes no finding as to the merits of these claims.  Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

17.     In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and the Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

18.     The Action is hereby **DISMISSED WITH PREJUDICE** and without costs.  This judgment has been entered without any admission by Defendant as to the merits of Plaintiff's allegations in the Litigation.

19.     The Court directs the Clerk to enter final judgment.

**SO ORDERED.**

Dated: _____

_____
Hon. Julie A. Robinson
Chief United States District Court Judge