# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MICHAEL BAHNMAIER, individually and
on behalf of all others similarly situated,

       Plaintiff,

    v.

WICHITA STATE UNIVERSITY,

       Defendant.

Case No. 2:20-cv-02246-JAR-TJJ

**DECLARATION OF WILLIAM B. FEDERMAN
IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
FOR ATTORNEYS' FEES AND EXPENSES AND FOR A
SERVICE AWARD TO REPRESENTATIVE PLAINTIFF**

William B. Federman declares under penalty of perjury on May 26, 2021:

1.      I am the founder and member of the law firm Federman & Sherwood, Counsel for Plaintiff Michael Bahnmaier ("Plaintiff") and Court appointed Class Counsel in this action.  I am a member of the Bars of the States of Texas, New York, and Oklahoma, as well as numerous United States District Courts and Courts of Appeals.  I am admitted *pro hac vice* in this action.  I submit this Declaration in Support of Plaintiff's Unopposed Motion for Attorneys' Fees and Expenses and for a Service Award to Representative Plaintiff.

2.      The information in this declaration regarding the time and expenses devoted to the prosecution of this litigation are taken from reports and supporting documentation prepared and/or maintained by Federman & Sherwood in the ordinary course of business.

3.      I am the attorney who oversaw and/or conducted the day-to-day activities in this litigation, and I reviewed these materials (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of these reviews

1

was to confirm the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  As a result of these reviews, reductions were made to my firm's time either in the exercise of "billing judgment" or to conform to the firm's guidelines and policies.

4.      I believe that the time reflected in Federman & Sherwood's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the fees and expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

5.      Federman & Sherwood, as Class Counsel, led the litigation and prosecution of this action.  Among other responsibilities, Class Counsel: conducted a comprehensive pre-filing investigation, which included interviewing Plaintiff Bahnmaier regarding his experiences, reviewing different publicly available sources for information on the Wichita State University ("WSU" or "Defendant") data breach and its causes, researching possible immunity protections WSU may have, and researching potential statutory claims Plaintiff could bring on behalf of himself and similarly situated persons; drafted a detailed complaint; interviewed several class members regarding their experiences as a result of the WSU data breach; participated in months of negotiations with counsel for WSU regarding a possible resolution to the action, including the preparation of arguments, information, and research that supported Plaintiff's claims and the consideration of arguments, information, and research presented by Defendant in support of its defenses; researched and began drafting an opposition to Defendant's motion to dismiss; communicated with Plaintiff and Class Members throughout the Action regarding the status of the litigation and to secure their approval and insight where necessary; prepared and discussed

multiple versions of settlement terms before ultimately reaching agreement with Defendant on a settlement in principle; coordinated with Defendant's counsel and prepared mutually agreeable settlement papers, including the Settlement Agreement, Notice, Summary Notice, proof of claim, and proposed preliminary approval order; worked with Defendant's counsel to select a knowledgeable claims administrator for the settlement; prepared, filed, and argued in support of the motion for preliminary approval of the Settlement; supervised the mailing and publication of the Notice; assisted in answering questions from Class Members regarding the Settlement and the submission of claims; prepared and filed the motion for final approval of the Settlement and its exhibits.

6.      The number of hours spent on this litigation by Federman & Sherwood is 352.45 through May 11, 2021, not including time spent in drafting and filing this declaration or the corresponding fee motion. A breakdown of the lodestar is provided in the following chart:

| NAME | | HOURS | RATE | LODESTAR |
|------|------|------|------|------|
| William B. Federman | (A) | 91.55 | $850 | $   77,817.50 |
| A. Brooke Murphy | (A) | 214.60 | $500 | 107,300.00 |
| Molly E. Brantley | (A) | 3.70 | $450 | 1,665.00 |
| Cedric C. M. Bond | (A) | 20.20 | $410 | 8,282.00 |
| Tyler J. Bean | (A) | 2.70 | $350 | 945.00 |
| Robin K. Hester | (PL) | 19.70 | $250 | 4,925.00 |
| **TOTAL:** | | **352.45** | | **$200,934.50** |

(A) Attorney
(PL) Paralegal

7.      Class Counsel also utilized the firm of Boulware Law to act as local counsel in this action. Boulware Law's work included reviewing and finalizing certain filings, coordinating with Class Counsel regarding local rules and practices, filing documents with the Court, and participating in the hearing on preliminary approval of settlement alongside Class Counsel. The

number of hours spent on this litigation by Boulware Law is 18.80 hours through May 11, 2021. A breakdown of the lodestar for Boulware Law is provided in the following chart:

| NAME | | HOURS | RATE | LODESTAR |
|------|------|------|------|------|
| Brandon Boulware | (A) | 13.50 | $675 | $   9,112.50 |
| Kim Donnelly | (PL) | 5.30 | $175 | 927.50 |
| **TOTAL:** | | **18.80** | | **$10,040.00** |

(A) Attorney

(PL) Paralegal

8.      Thus, from case inception through May 11, 2021, Federman & Sherwood and Boulware Law spent a combined total of 371.25 hours in the prosecution of this action on behalf of the Class, <u>not</u> including time spent in drafting this declaration or the corresponding fee motion and not including time reductions that were made in the exercise of billing judgment.  This combined total also does not include time that will be spent by Plaintiffs' Counsel on continuing services to the Settlement class, including responding to class members' inquiries, supervising the claims administrator in the review and processing of claims, attending the final Settlement hearing, and overseeing the distribution of Settlement benefits to class members.

9.      The total lodestar for the 371.25 hours of combined attorney and paraprofessional time based on the respective firm's/attorney's current rates is **$210,974.50**.  The hourly rates are the usual and customary rates set by each firm, respectively, for each individual in this type of engagement. These rates have been evaluated and approved by courts in class actions and complex litigations.  The requested rates are reasonable for this case considering the experience and expertise these particular lawyers have in this area of law.

10.     Plaintiffs' Counsel are attorneys with experience litigating complex class actions, including data breach class actions. Indeed, Class Counsel, Federman & Sherwood, has successfully prosecuted and settled numerous data breach class actions, consumer class actions,

and other complex litigation throughout the country, and the firm has a strong reputation in such actions.  For example, Class Counsel was commended by former Chief Judge Vickie Miles-LaGrange of the United States District Court for the Western District of Oklahoma for the work the firm performed and the results it achieved for the class in *Friedman v. Quest Energy Partner LP*, Case No. CIV-08-936-M (W.D. Okla. Nov. 29, 2010).  *See* relevant portions from the settlement fairness hearing transcript are attached hereto as **Exhibit C**.

11.     Data breach litigation is an emerging and complicated area of law.  As such, it is notably risky and difficult for counsel to successfully prosecute a data breach class action to a favorable resolution.

12.     Plaintiffs' Counsel invested substantial time and effort in initiating and litigating this risky case on a pure contingency basis with no guarantee or promise that such time and effort would be compensated.  As a result of the time devoted to prosecuting this case on behalf of the Class, Plaintiffs' Counsel were, to some degree, prevented from pursuing work in other cases.

13.     In addition to compensating Plaintiff's Counsel for reasonable attorneys' fees, the requested award will also reimburse Plaintiff's Counsel for expenses actually incurred in connection with the prosecution of this case.  From case inception through May 11, 2021, Federman & Sherwood and Boulware Law incurred combined expenses in the amount of $4,052.39 in connection with the prosecution of the action.  Those expenses and charges are summarized by category in the following chart:

| EXPENSE | TOTAL |
|---|---|
| Photocopies and Postage | $     164.75 |
| Filing, Process, Legal Notice and Transcripts | 260.51 |
| Litigation Expense (E-Discovery and Storage) | 9.37 |
| Lexis, Westlaw, Online Library Research | 3,617.76 |
| **TOTAL** | **$4,052.39** |

14.     The expenses pertaining to this case are reflected in the books and records of Federman & Sherwood and Boulware Law.  These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

15.     The total amount of attorneys' fees and expenses incurred by Plaintiff's Counsel in connection with the prosecution of this action is **$215,026.89**. This does not include hours spent in preparing the motion for attorneys' fees and expenses, nor does it include reductions that were in the exercise of billing judgment.  This amount further does not include the additional services to be provided to the Class by Plaintiff's Counsel, including attending the final settlement hearing, supervising the Claims Administrator in the review and processing of claims, responding to Class Members' inquiries, and overseeing the distribution of checks to Class Members.

16.     The identification and background of my firm and its attorneys and paralegals is attached hereto as **Exhibit A**.  The identification and background of Boulware Law is attached hereto as **Exhibit B**.

17.     Plaintiff Bahnmaier also seeks a service award in the amount of $1,500 for the time and effort he devoted to serving as the sole Plaintiff and Class Representative.  Plaintiff initiated and oversaw this litigation for the benefit of the Class, and it is due to Plaintiff's services that the favorable Settlement was obtained. Among other things, Plaintiff answered detailed questionnaires and provided essential information to Class Counsel; collected documents and other evidence that supported the claims alleged in this case; agreed to face invasive and time consuming discovery, including depositions, if necessary; reviewed pleadings and coordinated with Class Counsel as to the status of, and strategy for, the action; conferred with Class Counsel as to the settlement negotiations; and considered and approved the Settlement terms on behalf of the Class. The requested $1,500 amount is reasonable in light of Plaintiff's substantial contributions to the

case.  The active participation and efforts expended by Plaintiff in prosecuting this case materially aided, and indeed were necessary to, the Settlement achieved.

18.     In my professional opinion, the Settlement that resulted from months of hard-fought negotiations represents an excellent result for the Class. Pursuant to the Settlement Agreement, Class Members are eligible for cash payments of $20.00 per hour for up to three (3) hours for time spent dealing with issues relating to the Data Incident <u>plus</u> reimbursement for out-of-pocket costs up to $300.00 incurred as a result of the Data Incident.[1] These amounts are well within the range of fair, reasonable, and adequate, particularly when considered in light of reported average out-of-pocket expenses attributable to a data breach. *See* Dkt. No. 37-2 (Ponemon Institute study showing that "[e]ighty-one percent of respondents who were victims of a data breach did not have any out-of-pocket costs," that nine percent had less than $10 in out-of-pocket costs).  Further, the Settlement provides reimbursement for credit monitoring and identity theft protection, including such services that were purchased <u>after</u> Settlement Notices were issued—a term Class Counsel insisted upon in order to provide Class Members the opportunity to protect themselves from potential harms caused by the Data Incident.  Finally, Class Counsel was adamant that these Settlement benefits be made available to Class Members with relatively minimal effort. As such, Class Members need only provide a written description of the time they spent responding to the Data Incident to receive the hourly compensation, and they can receive expense reimbursement by presenting either standard documentation (such as receipts or credit card statements) <u>or</u> by presenting a signed affidavit.  *See* Settlement Agreement at ¶ 2.1.1-2.  In sum, the Settlement provides significant and immediate benefits to the Class.

---

[1] Claims made for lost time can be combined with reimbursement for out-of-pocket expenses but are subject to the same $300.00 cap for all Settlement Class Members.

19.     It was only after the aforementioned terms of the Settlement were reached that Class Counsel and WSU negotiated the attorneys' fee provision of the Settlement Agreement. Class Counsel negotiated this term in order to ensure that the award would <u>not</u> reduce the recovery to the Class.

I declare under penalty of perjury of the laws of Oklahoma and the United States that the foregoing is true and correct, and that this declaration was executed in Oklahoma City, Oklahoma on May 26, 2021.

_____
William B. Federman

FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
-and-
212 W. Spring Valley Road
Richardson, Texas 75801
(405) 235-1560
(405) 239-2112 (facsimile)
wbf@federmanlaw.com

*Counsel for Plaintiff and the Putative Class*

# EXHIBIT A

# FEDERMAN & SHERWOOD

### (An Association of Attorneys and Professional Corporations)

<table>
<tr><td>10205 N. PENNSYLVANIA AVENUE<br>OKLAHOMA CITY, OKLAHOMA 73120<br>TELEPHONE:  405-235-1560<br>FACSIMILE: 405-239-2112</td><td>212 W. SPRING VALLEY ROAD<br>RICHARDSON, TEXAS 75081<br>TELEPHONE:  214- 696-1100<br>FACSIMILE: 214-740-0112</td></tr>
</table>

## FIRM RESUME

**WILLIAM B. FEDERMAN.** <u>*Education*</u>:  Boston University (B.A., cum laude, 1979); University of Tulsa (J.D., 1982); Phi Alpha Delta (Treasurer, 1980-1982).   <u>*Admitted to practice*</u>: United States District Courts for the following Districts:  Western, Northern and Eastern, Oklahoma; Eastern and Southern, New York; Southern, Northern, Eastern and Western, Texas; Eastern and Western, Arkansas; District of Columbia; District of Colorado; Northern, Ohio; United States Court of Appeals for the following Circuits:  First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh and Federal; and United States Supreme Court. <u>*Lectures/Publications*</u>: *"Class Actions, New Rules and Data Breach Cases," 40th Annual OCBA Winter Seminar 2019; "A Case Study of Ethical Issues in Complex Litigation and Trends in Class Certification,"* 39th Annual OCBA Winter Seminar, 2018; *"Talkin' About Insurance Coverage and Complex Litigation:  What Every Lawyer and Client Should Know,"* 38th Annual OCBA Winter Seminar, 2017; *"Securities Litigation: Using Data to Make the Case,"* by Bloomberg BNA, 2016; *"The Changing Landscape for Prosecution of Financial Claims Involving Insolvent Companies"* 37th Annual OCBA Winter Seminar, 2016; *"Current Status of Securities Class Actions:  Where are the Courts Taking Us?"* Houston Bar Association, 2014.  *"Class & Derivative Actions and Securities Litigation,"* 2013 Annual Meeting of the American Bar Association; *"Litigation and Employment Law Update,"* Securities Industry Association Compliance and Legal Division; "*Inside a Disclosure Crisis*", 30th Annual Northwest Securities Institute Annual Meeting and sponsored by the Washington Bar Association; "*Managing Directors' Liability,"* 3rd Annual Energy Industry Directors Conference and sponsored by Rice University; "*Executive Liability - 2009 D & O Market Trends,"* Chartis Insurance; *"Derivative Actions and Protecting the Corporation − Critical Issues in Today's Banking,"* Oklahoma Bar Association and the Oklahoma Bankers Association; *"Arbitration - What Is It? Why Should a Lawyer Suggest or Use It?,"* Oklahoma Bar Association; *"The Attorney and Accountant as Targets in Failed Financial Institution Litigation,"* American Bar Association Trial Practice Committee; *"Effective Arbitration in the 1990's - Adapting to Build a Successful Practice,"* Oklahoma County Bar Association; *"Current Issues in Direct Investments and Limited Partnerships: The Litigation Scene From All Perspectives,"* American Bar Association Litigation Section; *"Stockbroker Litigation and Arbitration,"* Securities Arbitration Institute.   Author:  *"Who's Minding the Store: The Corporate Attorney-Client Privilege,"* 52 O.B.J. 1244, 1981; *"Potential Liability From Indirect Remuneration in Private Oil and Gas Offerings,"* 11 Sec. Reg. L.J. 135, 1983; *"Capitalism and Reality Meet in the Courts. . . Finally,"* 59 O.B.J. 3537, 1987; *"Class Actions, New Rules & Data Breach Cases,"* Annual OCBA Winter Seminar, 2019. <u>*Membership*</u>:  Arbitration Panel, New York Stock Exchange; Federal Bar Association; Oklahoma County Bar Association (Committee on Professionalism, 1987-1990; Oklahoma Bar Association (Civil Procedure/Evidence Code, Lawyers Helping Lawyers Assistance Program and Rules of Professional Conduct Committees, 2017-2020); American Bar Association (Committee on Securities Litigation and Corporate Counsel); American Inns of Court (Barrister 1990-1993 and Master 2002-2004); inducted into the Outstanding Lawyers of America, 2003; received the Martindale-Hubbell peer review rating of AV Preeminent in both ethical standards and legal ability; recognized as one of the "Top Lawyers of 2013" for excellence and achievements in the legal community; Litigation Counsel of America (Trial Lawyer & Appellate Lawyer Honorary Society); Oklahoma Bar Association, Rules of Professional Conduct Committee, 2020. <u>*Awards/Honors*</u>:  Securities Litigation and Arbitration Law Firm of the Year in Oklahoma – 2018 (Global Law Experts Annual Awards); Securities Litigation and Arbitration Law Firm of the Year in Oklahoma – 2019, 2020 (Corporate INTL Magazine); Oklahoma Super Lawyers list by Thomson Reuters – 2019 (Recognized for Exceptional Service and Outstanding Performance on behalf of the Federal Bar Association (Oklahoma City Chapter) Pro Bono Program – 2018-2019), 2020.

FEDERMAN & SHERWOOD
Page 2

**STUART W. EMMONS (In Memoriam).** *Education*: University of Oklahoma (J.D., 1987, with distinction); University of Oklahoma (B.B.A., Accounting, 1984, with distinction). *Admitted to practice*: 1987, Oklahoma; 1987, U.S. District Court for the Western District of Oklahoma; 1990, U.S. District Court for the Northern District of Oklahoma; 1992, U.S. Court of Appeals, Tenth Circuit; 1994, U.S. Court of Appeals, Eighth Circuit; U.S. Patent and Trademark Office; 2002, U.S. District Court for the District of Colorado; U.S. District Court for the Southern District of Texas; 2003, U.S. Court of Appeals, Second Circuit; 2004, U.S. District Court for the Northern District of Texas; U.S. Court of Appeals, Fifth Circuit; 2005, United States Supreme Court; 2005 U.S. Court of Appeals, Fourth Circuit; 2015, U.S. Court of Appeals, First Circuit; 2016, U.S. Court of Appeals, Ninth Circuit and U.S. Court of Appeals for the First Circuit.  1988-1989, Law Clerk to the Hon. Layn R. Phillips, U.S. District Court for the Western District of Oklahoma. *Published Decisions: American Fidelity Assurance Company v. The Bank of New York Mellon,* 810 F.3d 1234 (10th Cir. 2016); *Paul Spitzberg v. Houston American Energy Corporation, et al.,* 758 F.3d 676 (5th Cir. 2014); *Patipan Nakkhumpun v. Daniel J. Taylor, et al.,* 782 F.3d 1142 (10th Cir. 2015); *Membership*: Oklahoma County and Oklahoma Bar Associations.

**SARA E. COLLIER.** *Education*: Oklahoma Christian University (B.S. 2000); Oklahoma City University School of Law (J.D. 2004). *Admitted to practice*:  2005, Oklahoma; 2005, U.S. District Courts for the Western, Eastern and Northern Districts of Oklahoma; 2007, U.S. District Court for the Southern District of Texas; and 2007, United States Court of Appeals for Veterans Claims in Washington, DC. *Membership*:  Oklahoma Bar Association, American Bar Association.

**MOLLY E. BRANTLEY.** *Education*: University of Oklahoma (B.A., 2013); Oklahoma City University School of Law (J.D., 2017; Merit Scholar 2014-2017). *Admitted to practice*: Oklahoma, 2017; United States District Court for the Northern District of Oklahoma; United States District Court for the Western District of Oklahoma, 2020. *Membership*: Oklahoma Bar Association, Federal Bar Association.

**CEDRIC C.M. BOND.** *Education*: Oklahoma City University (J.D., *summa cum laude*¸ 2017; Editor in Chief, 2016–17, Excellence in Technical Editing Award, 2016, Okla. City U.L. Rev.; Outstanding Graduate; Dean's Legal Ethics Award; Nine CALI Awards, for highest grade in class, including Antitrust I, Legal Profession, Legal Research & Writing I & II, and Torts); Oklahoma City University (B.A. History, cum laude, 2014; Newman Civic Fellow). *Admitted to practice*: Supreme Court of Oklahoma, 2017; U.S. District Court for the Eastern District of Missouri and U.S. District Court for the Northern and Western Districts of Oklahoma, and U.S. District Court for the Northern District of Texas, 2019. *Experience*: Staff Attorney, U.S. Court of Appeals for the Eighth Circuit, 2017–2019; Legal Intern, The Honorable Noma Gurich, Chief Justice, Supreme Court of Oklahoma, 2015; Research Assistant, The Honorable Robert H. Henry, Chief Judge (former), U.S. Court of Appeals for the Tenth Circuit, 2015–16. *Membership*: Oklahoma Bar Association; American Bar Association; Federal Bar Association; Scribes, The American Academy of Legal Writers. *Recognition*: Outstanding Senior Law Student, Oklahoma Bar Association.

**TYLER J. BEAN.** *Education*: University of Oklahoma Michael F. Price College of Business (B.A., 2015); Oklahoma City University School of Law (2016-17; Merit Scholar; Faculty Honor Roll; Dean's List); University of Oklahoma College of Law (2017-19, J.D.; Editor, Oil and Gas, Natural Resources, and Energy Law Journal; Dean's List; Completion of Pro Bono and Public Service 100-Hour Pledge). *Admitted to Practice*: 2019, Oklahoma; 2020, United States District Court for the Western District of Oklahoma. *Experience*: In-House Counsel for Hobby Lobby Stores, Inc., 2018-2020. *Membership*: Oklahoma Bar Association; Oklahoma Bar Association - Business and Corporate Law Section; Oklahoma County Bar Association; American Bar Association; Federal Bar Association; International Council of Shopping Centers ("ICSC"); Language Fluency (English, Spanish).

FEDERMAN & SHERWOOD
Page 3

**OF COUNSEL:**

**JOHN CHARLES SHERWOOD.** *Education*: Texas Christian University, (BBA, magna cum laude, 1981); Baylor School of Law (J.D., 1984). *Areas of Practice*: Litigation. *Board Certified*: Civil Trial Law, Personal Injury Trial Law, Texas Board of Legal Specialization. *Organizations*: Texas Trial Lawyers, Association of Trial Lawyers of America, Dallas Trial Lawyers Association, Dallas Bar Association, Former Chairperson of the Solo and Small Firm Section of the Dallas Bar Association (1999), Member of the College of the State Bar of Texas, and founding President of Citizens For a Fair Judiciary (Political Action Committee). *Licenses and Courts of Practice*: Member of the State Bar of Texas, National Board of Trial Advocacy, Licensed as a Certified Public Accountant by the Texas State Board of Public Accountancy, admitted to practice before the United States Tax Court, United States District Court, Northern District of Texas, United States Fifth Circuit Court of Appeals, and the United States Supreme Court. *Papers Presented*: *Other People's Money,* Presented to the Dallas Bar Association, Solo and Small Firm Section; *Recognition*: "Top Attorneys in Texas, Business Litigation," (2012).

**CARIN L. MARCUSSEN.** *Education*: United States Air Force Academy (attended 1996-1997); Oklahoma State University (B.S., 2000); University of Oklahoma (J.D. *with honors*, 2003). *Admitted to practice*: Supreme Court of Oklahoma, 2003; U. S. District Court for the Western District of Oklahoma, 2003; U.S. District Court for the Northern District of Oklahoma, 2004; U.S. District Court for the Eastern District of Oklahoma, 2005; U.S. Court of Appeals for the Tenth Circuit, 2006; U.S. Bankruptcy Court for the Western District of Oklahoma, 2012. *Membership*: Oklahoma Bar Association (Civil Procedure & Evidence Code Committee; Disaster Relief Committee). *Publication*: Democracy for Sale: The United States Supreme Court's Decision in Citizens United," *The Advocate*, Spring 2010. *Honors*: Marquis Who's Who of American Women, 2007; Pro Bono Award, Oklahoma County Bar Association, 2010; President's Award, Oklahoma Association for Justice, 2013; "Rising Star", *Oklahoma Super Lawyers*, 2008, 2009, 2011, 2013, 2014, 2015, 2017.

**A. BROOKE MURPHY.** *Education*: Oklahoma City University (B.A., *summa cum laude*, 2005; Robert L. Jones Outstanding Senior Paper Award; Women's Leadership Award); University of Oklahoma College of Law (J.D., *with honors*, 2010; Dean's List; First Amendment Moot Court Team; Assistant Articles Editor of Oklahoma Law Review). *Admitted to practice*: Oklahoma, 2010; U.S. District Court for the Western District of Oklahoma, 2010; U.S. District Court for the Northern District of Texas, 2010; Tenth Circuit Court of Appeals, 2014; First Circuit Court of Appeals and Ninth Circuit Court of Appeals, 2016. *Membership*: Oklahoma Bar Association. *Published Decisions: Paul Spitzberg v. Houston American Energy Corporation, et al.*, 758 F.3d 676 (5th Cir. 2014); *Patipan Nakkhumpun v. Daniel J. Taylor, et al.,* 782 F.3d 1142 (10th Cir. 2015); *Angley v. UTiWorldwide, Inc.*, 311 F. Supp. 3d 1117 (C.D. Cal. 2018); *Mulderrig v. Amryis, Inc.,* 492 F. Supp. 999 (N.D. Cal. 2020). *Publication*: Credit Rating Immunity? How the Hands-Off Approach Toward Credit Rating Agencies Led to the Subprime Credit Crisis and the Need for Greater Accountability, 62 Okla. L. Rev. 735 (2010). *Recognitions*: "Rising Star," *Oklahoma Super Lawyers*, 2020, 2021.

**PARALEGALS:**

**NANCY G. BEATTY.** Ms. Beatty has over thirty years of legal experience. She primarily works on coordinating and administrating of class action product liability and other complex litigation. Ms. Beatty has served on several professional advisory boards in Oklahoma and Tennessee.

FEDERMAN & SHERWOOD
Page 4

**SHARON J. KING.**  Ms. King has worked in the legal community for over ten years, after having worked in the securities and insurance industry for over fifteen years.  She primarily works on insurance bad faith, personal injury, wrongful death and civil litigation.

**FRANDELIND V. TRAYLOR.**  Ms. Traylor has worked in the legal community for over twelve years. She attended the University of Central Oklahoma, where she majored in liberal arts and was on the Dean's Honor Roll.  She provides class action, securities litigation and product liability support for the firm.

**TIFFANY R. PEINTNER.** Mrs. Peintner has worked in the legal community for over ten years. Before joining Federman & Sherwood, Mrs. Peintner's worked in patent law, oil and gas, probate, banking and real estate, family law, personal injury and insurance defense. She works in securities and civil litigation for the firm.

**ROBIN K. HESTER.**  Ms. Hester has been a litigation legal assistant for over thirty-five years.  Before joining Federman & Sherwood, Ms. Hester was a litigation case manager handling over 150 securities and civil litigation cases and managing a staff of legal assistants.  She primarily works in securities and civil litigation, as well as providing technology support for the firm.

**SELECT CASES WHERE FEDERMAN & SHERWOOD HAS SERVED AS LEAD OR CO-LEAD COUNSEL**

| SHAREHOLDER DERIVATIVE CASES | COURT |
|---|---|
| Abercrombie & Fitch Company | USDC Southern District of Ohio |
| American Superconductor Corporation | Superior Court, Commonwealth of Massachusetts |
| Antares Pharma, Inc. | USDC District of New Jersey |
| Arrowhead Research Corporation | Superior Court, State of California, County of Los Angeles |
| Carrier Access Corporation | USDC District of Colorado |
| Catalina Marketing Corporation | Chancery Court of the State of Delaware |
| Cell Therapeutics, Inc. | USDC Western District of Washington |
| Computer Associates | USDC Eastern District of New York |
| Delcath Systems, Inc. | USDC Southern District of New York |
| Dendreon Corporation | USDC Western District of Washington |
| Doral Financial Corporation | USDC Southern District of New York |
| Dynavax Technologies Corporation | Superior Court of the State of California; county of Alameda |
| First BanCorp. | USDC District of Puerto Rico |
| Flowers Foods, Inc. | USDC Middle District of Georgia |
| Genta, Inc. | USDC District of New Jersey |
| GMX Resources, Inc. | District Court of Oklahoma County, Oklahoma |
| Great Lakes Dredge & Dock Corporation | Circuit Court of Illinois, Dupage County Chancery Division |
| Host America Corporation | USDC District of Connecticut |
| Motricity Inc. | USDC Western District of Washington |
| NutraCea | Superior Court of Maricopa County, Arizona |
| Nuverra Environmental Solutions, Inc. | Superior Court of Maricopa County, Arizona |
| Nyfix, Inc. | USDC District of Connecticut |
| OCA, Inc. | USDC Eastern District of Louisiana |
| ONEOK, Inc. | District Court of Tulsa County, Oklahoma |
| PainCareHoldings, Inc. | USDC Middle District of Florida |
| Seitel, Inc. | USDC Southern District of Texas |
| Spectrum Pharmaceuticals, Inc. | USDC District of Nevada |
| The Spectranetics Corporation | USDC District of Colorado |
| ValueClick, Inc. | USDC Central District of California |
| Zix Corporation | USDC Northern District of Texas |
| **SECURITIES CLASS ACTIONS** | |
| Amyris, Inc. | USDC, Northern District of California |
| Bellicum Pharmaceuticals, Inc. | USDC Southern District of Texas |
| Broadwind Energy, Inc. | USDC Northern District of Illinois |
| China Valves Technology, Inc. | USDC Southern District of New York |
| Cryo-Cell International, Inc. | USDC Middle District of Florida |
| Delta Petroleum, Inc. | USDC District of Colorado |
| Direxion Shares ETF Trust | USDC Southern District of New York |
| Ener1, Inc. | USDC Southern District of New York |
| Exide Technologies | USDC Central District of California |
| Galena Biopharma, Inc. | USDC, District of New Jersey |
| Houston American Energy Corp. | USDC Southern District of Texas |
| Image Innovations Holdings, Inc. | USDC Southern District of New York |
| IZEA, Inc. | USDC Central District of California |
| Motive, Inc. | USDC Western District of Texas |
| Quest Energy Partners LP | USDC Western District of Oklahoma |
| Secure Computing Corporation | USDC Northern District of California |
| Superconductor Technologies, Inc. | USDC Central District of California |
| UTi Worldwide, Inc. | USDC Central District of California |
| Unistar Financial Service Corp. | USDC Northern District of Texas |
| **MDL PROCEEDINGS** | |
| In re: Anthem, Inc. (Data Breach–Participating Counsel) | USDC, Northern District of California |
| In re: Equifax, Inc. (Data Breach–Participating Counsel) | USDC Northern District of Georgia |
| In re: Farmers Insurance Co. | USDC Western District of Oklahoma |
| In re: Home Depot, Inc. (Executive Committee) | USDC Northern District of Georgia |
| In re: Premera Blue Cross (Data Breach–Participating Counsel) | USC, District of Oregon |
| In re: Samsung Electronics America, Inc. | USDC Western District of Oklahoma |
| In re: Sonic Corp. | USDC Northern District of Ohio |
| **DEAL CASES (MERGERS)** | |
| Easylink Services International Corp. | Superior Court of Gwinnett County, Georgia |
| Genon Energy, Inc. | Chancery Court of the State of Delaware |
| Lawson Software, Inc. | Chancery Court of the State of Delaware |
| Network Engines, Inc. | Chancery Court of the State of Delaware |
| Paetec Holding Corp. Shareholder Litig. | Chancery Court of the State of Delaware |
| Williams Pipeline Partners, L.P. | District Court of Tulsa County, Oklahoma |
| Xeta Technologies, Inc. | District Court of Tulsa County, Oklahoma |
| **ERISA LITIGATION** | |
| Winn-Dixie Stores | USDC Middle District of Florida |

| CONSUMER CLASS ACTIONS | |
|---|---|
| Altice USA, Inc. (Data Breach) | USDC Southern District of New York |
| Brinker International, Inc. (Chili's) (Data Breach) | USDC Middle District of Florida |
| Bullseye Energy, Inc. (Royalty Owners / Pipeline) | USDC Northern District of Oklahoma |
| Burgerville, LLC (Data Breach) | Circuit Court, State of Oregon, Multnomah County |
| Dakota Growers Pasta Company, Inc. (Food Mislabeling) | USDC District of Minnesota/District of New Jersey |
| Hy-Vee, Inc. (Data Breach) | USDC Central District of Illinois |
| LeafFilterNorth, LLC/LeafFilter North of Texas, LLC (Data Breach) | USDC Western District of Texas |
| Lime Crime, Inc. (Data Breach) | USDC Central District of California |
| Solara Medical Supplies, LLC (Data Breach) | USDC Southern District of California |

Page 2                                                                                    4/10/2020

# EXHIBIT B



Boulware Law LLC is a Kansas City-based law firm specializing in complex litigation—in particular business litigation (breach of contract, business tort), employment disputes, and personal injury. The firm has extensive experience litigating in state and federal courts in Missouri, Kansas, and nationwide, and is known for an aggressive, yet strategic and practical approach in its representation of clients.

Brandon Boulware, whose resume is attached, currently serves as lead class counsel in [*Sitzer, et al. v. National Association of Realtors, et al.*, Case No. 19-cv-00332-SRB, W.D. Mo.], an antitrust case challenging the realtor compensation model; [*Kira Florece v. Jose Pepper's Restaurants, et al.*, 20-cv-02339-TC-ADM, D. Kan.], an FLSA case on behalf of a class of servers; and insurance cases on behalf of policyholders against carriers refusing to cover business losses.

**2020:** Collected more than $11 million in settlements.

**2019:** After bench trial, obtained nearly $23 million in damages on behalf of clients in a foreign investment fraud (Missouri federal court 2019).

**2017:** Obtained settlements in the eight figures on behalf of clients in antitrust price-fixing litigation involving polyurethane foam products. *In re Polyurethane Foam Antitrust Litigation* (Kansas federal court 2017).

**2016:** Obtained complete dismissal of class action claims against oil and gas producer in case alleging market allocation. *Catron v. Colt Energy, et al.* (Kansas state court 2016).

**2013:** Obtained complete dismissal of client after taking key depositions of plaintiff Pizza Hut and franchisees in case alleging years-long manipulation of the Chicago Mercantile Exchange. *Pizza Hut, Inc. et al. v. Dairy Farmers of America, et al.* (Missouri state court 2013).

**2012:** Defended corporate executive in MDL class action alleging antitrust conspiracy to reduce prices paid to dairy farmers for raw milk. Obtained summary judgment in favor of client. Other defendants settled collectively for more than $300 million. *In re Southeastern Milk Antitrust Litigation* (Tennessee federal court 2012).

**2011:** Defended suspension system manufacturer in products liability case; case involved several plaintiffs, including one fatality and severe head injuries. On eve of trial, plaintiffs demanded seven figures. After third day of trial and cross-examination of plaintiffs' key witnesses, case settled for nominal amount. (Utah state court 2011).

**2007:** Defended hospital in case alleging antitrust conspiracy among insurers and hospitals to keep plaintiff out of the market. Obtained court ruling striking plaintiff's antitrust damage claim against client. Plaintiff purportedly recovered $45 million from other defendants. *Heartland Surgical Specialty Hospital v. Board of Trustees of North Kansas City Hospital, et al.* (D. Kan. 2006).

# BRANDON J.B. BOULWARE

## EDUCATION

**American University Washington College of Law**, Washington, D.C.
Juris Doctor, *magna cum laude*                                                            2002
- *American University International Law Review*: Assistant Notes & Comments Editor

**University of Missouri**, Columbia, Mo.
Bachelor of Arts                                                                           1999
- Major: History; Minor: English

## EXPERIENCE

**Boulware Law LLC**, Kansas City, Mo.
Partner                                                                       April 2018-Present
- Commercial litigation and catastrophic personal injury litigation.  Emphasis on large, complex matters involving significant damages, in particular antitrust class action.

**German May PC**, Kansas City, Mo.
Shareholder                                                                   Jan. 2011-April 2018
Associate                                                                      Aug. 2005-Jan. 2011
- Commercial litigation with focus on business tort and contract disputes, antitrust, class action, white collar, and product liability. Represented plaintiffs and defendants in state and federal courts across the country, including several nine-figure cases. First chaired multiple trials.

**United States District Court for the Western District of Missouri**, Kansas City, Mo.
Judicial Law Clerk to Chief Judge Dean Whipple                                 Aug. 2003-Aug. 2005
- Drafted orders for judge's signature at all stages of litigation, and assisted judge during civil and criminal trials.

**Supreme Court of Missouri**, Jefferson City, Mo.
Judicial Law Clerk to Chief Justice Stephen N. Limbaugh, Jr.                   Aug. 2002-Aug. 2003
- Drafted majority and dissenting opinions for judge's signature in civil and criminal appeals.

## RECENT HONORS
- **Best Lawyers in America** - 2015–Present
  - Commercial Litigation – Tier 1 (2020-2021)
  - Lawyer of the Year, Regulatory Enforcement (2019-2020)
- **Missouri and Kansas Super Lawyer** - 2008–Present
  - Named Top 100 Missouri/Kansas Lawyer (2020-2021)

## RECENT CIVIC INVOLVEMENT
**St. Paul's Episcopal Day School**
- Board of Trustees, 2015-Present

**Missouri Gaming Commission**
- Commissioner, 2019-Present (confirmed by Missouri Senate)

**Roanoke Housing Association**
- Board of Directors, 2020-Present

# EXHIBIT C

1

```
 1              IN THE UNITED STATES DISTRICT COURT FOR THE

 2                   WESTERN DISTRICT OF OKLAHOMA

 3
    MICHAEL FRIEDMAN, individually and on
 4  behalf of all others similarly situated,

 5
                   Plaintiffs,
 6
    vs.                              Case No. CIV-08-936-M
 7

 8
    QUEST ENERGY PARTNERS LP, et al.,
 9

10                 Defendants.

11
    and
12

13  JAMES JENTS, individually and on
    behalf of all others similarly situated,
14

15                 Plaintiffs,

16                                   Case No. CIV-08-968-M

17  vs.

18

19  QUEST RESOURCE CORPORATION, et al.,

20

21                 Defendants.

22

23  and

24

25
```

2

```
 1   J. STEVEN EMERSON, et al.,

 2

 3              Plaintiffs,

 4                                Case No. CIV-09-1226-M

 5   v.

 6

 7   QUEST RESOURCE CORPORATION, et al.,

 8

 9              Defendants.

10   and

11

12   BRISTOL CAPITAL ADVISORS, et al.,

13

14              Plaintiffs,

15                                Case No. CIV-09-932-M

16   V.

17

18   QUEST RESOURCES CORPORATION, et al.,

19

20              Defendants.

21   and

22

23

24

25
```

*Lynn Lee, CSR, FCRR*
United States Court Reporter
U.S. Courthouse, 200 N.W.4th Street
Oklahoma City, OK 73102 * 405.609.5403

```
 1   JAMES STEPHENS, et al.,

 2

 3                 Plaintiffs,

 4                                    Case No. CIV-08-1025-M

 5   v.

 6

 7   GARY PITTMAN, et al.,

 8

 9                 Defendants.

10   and

11

12   WILLIAM ENDERS, et al.,

13

14                 Plaintiffs,

15                                    Case No. CIV-09-752-M

16   v.

17

18   JERRY D. CASH, et al.,

19

20                 Defendants.

21                   MONDAY, NOVEMBER 29, 2010

22              TRANSCRIPT OF FAIRNESS HEARING

23          BEFORE CHIEF JUDGE VICKI MILES-LaGRANGE

24

25
```

1  amount of money that was literally flying out the window,

2  particularly in defense costs, this is an excellent result for

3  the shareholders.  The case is not that old.

4          I will vow to the Court that I will stay on top of

5  Garden City Group and get as fast a turn-around as possible.

6  It still won't be until the second quarter of 2011, because

7  things take time.  There will be some stragglers.  I spoke to

8  one investor, an attorney here in town, who is the trustee of a

9  trust, Pope VanCleef, his paperwork, for whatever reason, was

10  returned a day or two late.  I think there may be several

11  people like that.  We need to account for them, I think that's

12  the only fair thing to do.  If they don't, they will file an

13  application with this Court and you will probably grant it

14  anyway.  We'll save the Court time on that.

15          Do you have any questions?

16          THE COURT:  No, I don't.  The issue about these

17  stragglers, as you call that class of people, it doesn't sound

18  like there is probably going to be a lot of them.  It sounds

19  like you have made an accommodation to handle those.

20          MR. FEDERMAN:  There is a process for it in place.

21          THE COURT:  I think all of the parties are to be

22  commended, considering the magnitude of what was involved.

23  Certainly Judge Phillips, the part he played in this has been

24  noted aptly by counsel.

25          Recovering what you were able to recover in terms of

1    the amounts out there, it is fairly amazing to the Court that

2    you have gotten to this point.   And, for the Court, you

3    resolved six cases, that's always good, so I certainly can't

4    complain about that.   I know that it has been just a mammoth

5    effort, which all of the attorneys involved have helped make

6    sense out of it, and reach, it sounds like, a better-than-

7    average settlement for these investors.

8            You know, the loss is obviously tremendous.   That

9    will be addressed in the criminal cases, I'm sure, from the

10   standpoint of, quote, "the interest of justice."   But all of

11   you are to be commended for the work that has -- how long has

12   this been going?   It hasn't been going a tremendously long

13   time, considering --

14           MR. FEDERMAN:   The initial cases were filed in '08.

15   The settlement negotiations went on for approximately nine

16   months, starting with the proffer by defense counsel at

17   Fulbright Jaworski's office where counsel flew in for it.   We

18   weren't allowed to copy the information, we were allowed to

19   review the information there in their conference room.   We had

20   direct access to the books and records.   Mr. Barbush reviewed

21   the books and records, the financial information, with

22   Mr. Biles for the corporation, as well, as part of the

23   derivative settlement.

24           THE COURT:   Would you address briefly your award of

25   attorneys' fees and reimbursement and the incentive fees.   I

```
 1   make sure I understand.

 2            MR. WEBBER:  We represent one of the Defendants,

 3   Mr. Cash, who was the CEO.

 4            MR. FEDERMAN:  Mr. Hall is local counsel for

 5   Mr. Enders.  He is here, in case you have any questions, or if

 6   I didn't cover any points.

 7            THE COURT:  I don't think I have anything else.

 8            Mr. Hall, do you have anything else?

 9            MR. HALL:  No, only I concur with counsel's statement

10   with Mr. Enders' position.

11            THE COURT:  I think that's it.

12            MR. FEDERMAN:  It will result in dismissal of all

13   six, although five are on the style.  We have gone around and

14   around with the clerk downstairs.

15            THE COURT:  Six is always better than five.

16            Thank you for doing the very best job I think

17   possible, under an extreme set of difficult circumstances, to

18   reach a resolution that everyone could ultimately agree on.

19            I think I understand why I don't see you that much,

20   Mr. Federman; it may be a good thing.

21            MR. FEDERMAN:  Thank you, Your Honor, we just need

22   more public companies.

23            Are we excused?

24            THE COURT:  You are excused.  Thank you.

25
```