IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL BAHNMAIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WICHITA STATE UNIVERSITY,<br><br>Defendant. | Case No. 2:20-CV-02246-JAR-TJJ |

**FINAL ORDER AND JUDGMENT**

This matter is before the Court on Class Representative Plaintiff Michael Bahnmaier's Unopposed Motion for Final Approval of the Class Action Settlement ("Motion for Approval") (Doc. 36) and Unopposed Motion for Attorney Fees and for a Service Award to Representative Plaintiff ("Fee Motion") (Doc. 38). Plaintiff seeks final approval of the settlement (the "Settlement") of the above-captioned case ("the Litigation") pursuant to the Amended Settlement Agreement (the "Settlement Agreement") dated February 9, 2021, between Plaintiff Bahnmaier ("Plaintiff" or "Class Representative") and Defendant Wichita State University ("Defendant" or "WSU") (collectively, the "Parties").

On February 10, 2021, the Court issued an Order Conditionally Certifying a Settlement Class, Granting Preliminary Approval of the Class-Action Settlement, Approving the Form and Manner of Notice, and Scheduling a Final Approval Hearing ("Preliminary Approval Order") (Doc. 33). On July 27, 2021, the Court conducted a final fairness hearing at which it considered the Motion for Approval as well as Plaintiff's Fee Motion. Having considered the issues, the

1

briefing supplied by the parties and one objector, and being fully advised in the premises, the Court made detailed findings from the bench.  For the reasons stated on the record and as supplemented herein, the Court finds as follows:

1. Unless otherwise defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. Notice to the Settlement Class Members has been provided in accordance with the Preliminary Approval Order, and the substance of and dissemination program for the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Litigation.

3. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith and without collusion by counsel for the Parties and is supported by the Class Representative and Class Counsel.

4. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release by Plaintiff and Settlement Class Members of the Released Claims.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

6.      The Settlement Class satisfies the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure for settlement purposes.  The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; the claims of the Class Representative are typical of the Settlement Class Members' claims; and the Class Representative has fairly and adequately represented the interests of the Settlement Class.

7.      Thus, the following Settlement Class is hereby finally certified, solely for purposes of this Settlement:

> All persons who were sent notification by WSU that their personal identifying information may have been exposed in the Data Incident announced by WSU in March 2020.  The Settlement Class specifically excludes: (i) WSU and its officers and directors; (ii) all Settlement Class Members who timely and validly requested exclusion from the Settlement Class; (iii) Judge Julie A. Robinson, who is assigned to evaluate the fairness of this settlement, and her staff and family; (iv) Magistrate Judge Teresa J. James and her staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contender* to any such charge.

8.      The Court further finds that the Settlement satisfies the requirements of Federal Rule of Civil Procedure 23(e), and the Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.

9.      Under Rule 23(e)(1), the Court approved a notice plan designed to provide notice to all individuals deemed to be members of the Settlement Class as defined above.  The Court found that the Parties' proposed Notice constituted the best notice practicable under the

circumstances, and approved the form of, and the provisions for, disseminating the Notice. The Notice was then disseminated and published in accordance with the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action and the terms and conditions of the proposed Settlement satisfied the requirements Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and constitutional due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to Settlement Class Members.

10. In addition, the notice given by Defendant to state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

11. Under Rule 23(e)(2), the Court finds the proposed settlement is fair, reasonable, and adequate after considering the following: (a) the Class Representative and Settlement Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated at arm's length; (c) the relief provided to Settlement Class Members is adequate in light of the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class (including the method of processing class-member claims), the terms of any proposed award of attorney's fees, including timing of payment (discussed further below), and the lack of any other agreement made in connection with the Settlement required to be identified under Rule 23(e)(3); and (d) the Settlement treats Settlement Class Members equitably relative to each other.

12. Under Rule 23(e)(3), there are no other agreements made in connection with the Settlement, as noted above.

13. Because this Court did not previously certify this case as a class action, this Court finds that Rule 23(e)(4) is not applicable to this settlement.

14. Regarding Rule 23(e)(5), there were twenty-six (26) opt-outs and one objection filed by Settlement Class Members.  The fact that only twenty-six Settlement Class Members out of approximately 440,000 elected to opt out of the Settlement reveals: (1) Settlement Class Members understood the Class Notice and how to opt out; and (2) the vast majority of the Settlement Class agreed to be bound by this Settlement.  The fact that so few Settlement Class Members objected to the Settlement weighs in favor of final approval.  As to the one objection, the Court finds that it is both procedurally improper and without merit.  The sole objector is Benny A. Smith, who is currently incarcerated.  Mr. Smith did not comply with the requirements for objecting to the Settlement as set forth in the Preliminary Approval Order, which required objections to be filed with the Court and sent to both Parties' counsel, and his objection is overruled on that basis.  As to substance, Mr. Smith objects to the service award to the Class Representative, which the Court finds is fair and reasonable as set forth below, and on the basis that he fears the risk of identity theft and fraud.  While the Settlement cannot undo the fact that a data breach occurred, it does provide meaningful relief to Settlement Class Members, including relief intended to address Mr. Smith's concerns (*i.e.*, credit monitoring and identity theft protection, plus reimbursement for time spent obtaining coverage).  Mr. Smith's objection lacks merit and is also overruled on that basis.

15. The Court also finds that application of the fairness factors supports approval.  The Settlement was fairly and honestly negotiated, serious question of law and fact exist, an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation, and the Parties' counsel believe—based on their extensive experience with complex class-action and data-breach litigation—that the Settlement is fair and reasonable.

16. Pursuant to Federal Rule of Civil Procedure 23(g) and for the reasons set forth in Plaintiffs' Motion for Approval, the Court confirms the appointment of Federman & Sherwood as Settlement Class Counsel.

17. The Court confirms the appointment of Plaintiff Michael Bahnmaier to represent the Settlement Class.

18. The Court confirms the appointment of Kroll Settlement Administration (f/k/a Heffler Claims Group LLC) as the Settlement Administrator.

19. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties, and Settlement Class Members who did not timely opt out of the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

20. The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement Agreement to Settlement Class Members who have submitted Valid Claims.

21. The Plaintiff and the Settlement Class Members release and forever discharge the Released Persons from the Released Claims, as set forth below:

> Upon the Effective Date, each Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

22. Pursuant to Rule 23(c)(3)(B), each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Valid Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

23. The Court hereby approves the payment of a service award to Class Representative Bahnmaier in the amount of $1,500 for his commencement and prosecution of this Action for the benefit of the Settlement Class. The Court finds that the service award is fair and reasonable.

24. The Court takes under advisement Settlement Class Counsel's request for $325,000 for attorney fees and for reimbursement of their litigation costs and expenses, pending *in camera* review of billing records and any further briefing or hearing that the Court may deem necessary. In this claims-made Settlement with no upper cap on relief, the amount of the ultimate fee award to Settlement Class Counsel will not reduce the funds available to the Settlement Class. Any future order entered regarding attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

25. Without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation.

26. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged

or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendant.  Defendant has denied and continues to deny the claims asserted by Plaintiff.  The Court makes no finding as to the merits of these claims. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

27. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and the Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

28. The Action is hereby DISMISSED WITH PREJUDICE and without costs. This Judgment has been entered without any admission by Defendant as to the merits of Plaintiff's allegations in the Litigation.

29. The Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: July 29, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
